**STATE of Maine**

v.

**Frederick CROCKER.**

Supreme Judicial Court of Maine.

May 31, 1978.

Joseph H. Field, Asst. Dist. Atty., John Alsop, Law Student (orally), Bath, for plaintiff.

Therriault & Golin by Roger R. Therriault (orally), Bath, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

DELAHANTY, Justice.

Convicted of unlawful sexual contact, 17–A M.R.S.A. § 255, at a jury-waived trial before the Sagadahoc County Superior Court, the defendant, Frederick Crocker, seeks review on the single ground that his alleged voluntary intoxication precluded his formation of the requisite intent necessary for the commission of the crime.

We deny the appeal.

When the crime of unlawful sexual contact was committed, the controlling intoxication statute, 17–A M.R.S.A. § 58–A,[1] provided in pertinent part:

> Intoxication is no defense, affirmative or otherwise, except as follows:
>
> 1. In a prosecution for a crime which may be committed *intentionally* or knowingly, where such culpable state of mind is a necessary element, the existence of a reasonable doubt as to such state of mind may be established by evidence of intoxication. (emphasis supplied).

The salient statutory provision is in large measure a codification of our prior rule that voluntary intoxication is a defense only where knowledge or specific intent is a necessary element of the crime. *State v. Lewisohn,* Me., 379 A.2d 1192 (1977); *State v. Rice,* Me., 379 A.2d 140 (1977).

 The defendant was indicted and convicted of unlawful sexual contact, 17–A M.R.S.A. § 255, which requires proof *inter alia* that that defendant "*intentionally* subject[ed] another person, not his spouse, to any sexual contact . . .." (emphasis supplied). Since the defendant could not have been found guilty of the crime unless he acted intentionally, the defendant's voluntary intoxication under 17–A M.R.S.A. § 58–A(1) was a valid defense which could have exonerated him from the particularized criminal conduct.

 The presiding Justice found that the State proved all of the essential elements of the crime beyond reasonable doubt; more specifically, he found that the State "negate[d] or eliminate[d] from the Court's mind any reasonable doubt as to the Defendant's intoxication." The Justice's finding, entirely supported by the record, was in accordance with the Maine Criminal Code's standard which requires the State to prove beyond reasonable doubt the absence of voluntary intoxication once the defendant adequately generates the issue. *See* 17–A M.R.S.A. § 5; 17–A M.R.S.A. § 58–A. *Cf. State v. Rice, supra.*

The entry is:

Appeal denied.

Judgment affirmed.

---

1. The statute has since been amended in pertinent part to read:

1. Intoxication is not a defense unless it establishes a reasonable doubt as to the existence of an element of the offense.