STATE of Maine

v.

Keith M. WILLIAMS.

Supreme Judicial Court of Maine.

May 31, 1978.

28

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Portland, Jeffrey Albanese, Law Student (orally), Portland, for plaintiff.

Goranites & Libby by Gary W. Libby (orally), Portland, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

McKUSICK, Chief Justice.

Following a jury-waived trial in the Superior Court (Cumberland County), defendant was convicted of Class C burglary in violation of 17–A M.R.S.A. § 401 (Supp. 1976). Defendant appeals his conviction.

We deny the appeal.

■ Defendant first claims that the Superior Court justice was not justified in finding beyond a reasonable doubt on the evidence before him that defendant, at the time he made his admittedly unauthorized entry into the structure specified in the indictment,[1] had the intent to commit theft therein. It is beyond question that temporal coincidence of such intent with the entry is required by the burglary statute.[2] *State v. Field,* Me., 379 A.2d 393 (1977). Thus, to prove the charge of the indictment the State had to satisfy the factfinder beyond a reasonable doubt that at the time defendant entered the designated structure, "an office of the Pine State Parking Garage," he had the intent to commit theft. As defendant correctly points out, the required intent has two parts: (1) an intent to obtain or exercise unauthorized control over the property of another accompanied by (2) an intent to deprive him thereof permanently or in some substantial way. 17–A M.R.S.A. §§ 353, 352(3) (Supp.1977).

■ After a thorough review of this record, this appellate court cannot say that the trial justice had insufficient basis for his finding that defendant *did* enter intending to commit theft.[3] However we might decide the fact questions from merely reading the cold printed pages of the record, the justice who had the benefit of seeing and hearing all the witnesses, including defendant, had adequate evidentiary support for his conclusions as to what in fact happened early in the morning of July 14, 1977. A police officer observed defendant rifling or "riffling" through desks and cabinets in the office of the Pine Street Parking Garage. Subsequently, just before defendant was apprehended by the police in another part of the parking garage he dropped keys, which he disclaimed as being his, and there was evidence that at least one car in the garage had been moved. From this evidence, together with defendant's unauthorized presence inside the garage, the trial justice could have believed beyond a reasonable doubt that defendant had entered intending to commit a theft. *See State v. Dyer,* Me., 371 A.2d 1086, 1089–90 (1977). While it is true that the record contains considerable evidence consistent with defendant's claim that he entered the garage only to find a place to sleep, the appraisal of the credibility of the witnesses testifying in support of that exculpating explanation of defendant's presence in the garage was a matter solely for the Superior Court justice, not an appellate court. *State v. Mann,* Me., 361 A.2d 897, 906–07 (1976).

The office was the "structure"[4] which the indictment charged the defendant with

1. The indictment charged as follows:
   "That on or about the fourteenth day of July, 1977, in the City of Portland, County of Cumberland and State of Maine, the above named defendant KEITH M. WILLIAMS did enter a structure, namely, an office of the Pine Street Parking Garage, property of Ben Taylor doing business as the Pine Street Parking Garage, located at 72 Pine Street in said Portland, knowing that he was not licensed or privileged to do so, with intent to commit theft therein."

2. At the time of the alleged offense, 17–A M.R.S.A. § 401(1) read as follows:
   "A person is guilty of burglary if he enters or surreptitiously remains in a dwelling place, or other building, structure or place of business, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein."

3. Although no motion for acquittal was made at trial, defense counsel instead contending that defendant was guilty only of the lesser included offense of criminal trespass, the issue of sufficiency of the evidence is always open on appeal from a conviction after a jury-waived trial. *State v. Morgan,* Me., 379 A.2d 728 (1977).

4. Although the record evidence describing the "office" is not extensive, the trial justice was entitled to infer from picture exhibits and testimony that the office was walled off and separated from the open parking area of the build-

entering feloniously, and the State was required to prove that *at the time he entered the office* he had the intent to commit theft therein. Defendant entered the parking area of the garage building from the outside through a broken window in a bay door, and then entered the office through an inside door. Both entries occurred within a short span of time. Defendant's observed conduct in the office was obviously probative of his intent, both at the time he entered the building from the outside and at the time he shortly thereafter entered the office. Similarly, his activities in the parking area of the garage and his possession of keys that did not belong to him, even though he may have found them elsewhere than in the office, have evidentiary relevance to his intent when he made his entry into the office from the parking area. The evidence was sufficient to support a finding of guilt of the crime charged by the indictment.

Defendant also claims that he was so intoxicated at the time of his entry into the Pine Street Parking Garage that a reasonable doubt is established as to the existence of the specific intent to commit theft, as distinguished from an urge to satisfy a generalized bodily need for sleep. See 17–A M.R.S.A. § 58–A (Supp.1976). The factfinding justice heard extensive testimony on the state of defendant's drunkenness and its effect upon his actions shortly before his entry into the garage and after his arrest, and we find no error on his part in rejecting the intoxication defense. *See State v. Crocker*, Me., 387 A.2d 26 (May 31, 1978).

On defendant's second point on appeal, alleged prosecutorial abuse, we also find nothing that comes near justifying reversal of this nonjury conviction. Two alleged errors occurred early in the prosecutor's cross-examination of defendant's foster parent. The prosecutor asked whether defendant was a "car thief" and whether he had been committed to the witness' custody by the juvenile court. Later, defendant himself was asked whether he had ever before run away from his foster parent. For tactical or other reasons not now apparent, the experienced defense attorney made no objections. While we do not condone the prosecutor's questions,[5] no manifest injustice resulted, particularly in view of the fact that the trial was before the court, not a jury, and "a 'court learned in the law is presumed to render its decision on the evidence in the case which is legally admissible even though inadmissible testimony be received'." *State v. Gleason*, Me., 359 A.2d 308, 312 (1976), quoting with approval from *Lipman Bros., Inc. v. Hartford Acc. & Indemn. Co.*, 149 Me. 199, 215, 100 A.2d 246, 255 (1953). Defendant points to nothing in any way contradicting that presumption.

The entry must be:

Appeal denied.

Judgment affirmed.

POMEROY, J., did not sit.

---

ing in which the Pine Street Parking Garage was located. There is nothing to suggest in this record that the "office" was not by itself accurately characterized as a "structure" within the comprehensive meaning intended for the term in the Criminal Code. *See* Comment—1975 to 17–A M.R.S.A. § 401. Under the Code, merely entry into a "structure" "with the intent to commit a crime therein" constitutes burglary, without the "breaking" required by prior law. *Ibid.* Thus, no problem such as existed in *State v. Cookson*, Me., 293 A.2d 780 (1972), is here presented.

5. *Cf. State v. Roy*, Me., 385 A.2d 795 (1978); *State v. Pinkham*, Me., 383 A.2d 1355 (1978).