**STATE of Maine**

v.

**William R. KEATEN.**

Supreme Judicial Court of Maine.

Aug. 18, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Deputy Dist. Atty., Stephen Devine, Portland (orally), for plaintiff.

Grover G. Alexander (orally), Robert R. Goodrich, Gray, for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and NICHOLS, JJ.

DELAHANTY, Justice.

Convicted of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B), at a jury trial before the Superior Court in Cumberland County, the defendant, William R. Keaten, seeks review on the ground that the direct testimony of two witnesses, allegedly relevant to his defense of voluntary intoxication, was improperly excluded. Finding no error below, we deny the appeal.

For the resolution of this appeal, we need consider only the threshold question of whether voluntary intoxication could *ever* be a valid "defense"[1] to a charge of gross sexual misconduct under 17–A M.R.S.A. § 253(1)(B). We hold that it could not.

At the time of the commission of the offense, our controlling intoxication statute, 17–A M.R.S.A. § 58–A, expressly provided that voluntary intoxication was a defense only to those crimes which had to be committed either "intentionally" or "knowingly."[2] The defendant was tried for and convicted of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B), which in relevant portion states:

A person is guilty of gross sexual misconduct

1. If he engages in a sexual act with another person, not his spouse, and

.        .        .        .        .

V. The other person has not in fact attained his 14th birthday

.        .        .        .        .

A "sexual act" is defined in 17–A M.R.S.A. § 251(1)(C) as

any act of sexual gratification between 2 persons involving direct physical contact between the sex organs of one and the mouth or anus of the other or direct physical contact between the sex organs of one and the sex organs of the other, or direct physical contact between the sex organs of one and an instrument or device manipulated by the other. A sexual act may be proved without allegation or proof of penetration.

By its terms, the instant offense requires no proof that the actor either "intentionally" or "knowingly" committed the crime.

Even though no such *explicit* requirement appears in 17–A M.R.S.A. § 253(1)(B), we are impelled to further analyze the instant offense in an attempt to ascertain whether some *implicit* element of intent or knowledge is not imbedded within its terms. *See State v. Porter,* Me., 384 A.2d 429 (1978).

Our additional inquiry arises because gross sexual misconduct on its surface requires *no* culpable mental state. The Code, however, presumes that a culpable mental state, defined in 17–A M.R.S.A. § 10 as "intent," "knowledge," "recklessness," or "criminal negligence," is an element of *all* offenses. As 17–A M.R.S.A. § 11(5) states:

If a statute defining a crime in this code does not expressly prescribe a culpable mental state with respect to some or all of the elements of the crime, a culpable mental state is nevertheless required

.        .        ..

Exceptions to the rule requiring a culpable mental state also exist in 17–A M.R.S.A. § 11(5) where

A. [t]he statute expressly provides that a person may be guilty of a crime without culpability as to those elements; or

B. [a] *legislative intent to impose liability without culpability as to those ele-*

---

1. Although the Maine Criminal Code (Code) indirectly refers to intoxication as a "defense," *see* n.2 *infra,* the term is used as a word of art and does not mean that the burden of persuasion on voluntary intoxication is on the defendant. The Code clearly provides that once the defendant appropriately and adequately generates the issue, the State must prove beyond reasonable doubt the absence of voluntary intoxication. *See State v. Crocker,* Me., 387 A.2d 26 (1978); 17–A M.R.S.A. § 5(2)(B).

2. When the crime was committed, 17–A M.R.S.A. § 58–A read in pertinent part:

Intoxication is no defense, affirmative or otherwise, except as follows:
1. In a prosecution for a crime which may be committed *intentionally* or *knowingly,* where such culpable state of mind is a necessary element, the existence of a reasonable doubt as to such state of mind may be established by evidence of intoxication. (emphasis supplied).

*ments otherwise appears.* (emphasis supplied).

In the absence of any proviso in 17–A M.R.S.A. § 253 expressly abandoning proof of a culpable state of mind, our investigation will proceed within the rubric of the above-emphasized subsection B.

The instant offense of "statutory" gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B), is substantially similar, both substantively and structurally, to the statutory rape provisions found in 17–A M.R.S.A. § 252(1)(A)[3] with the exception that "sexual intercourse" rather than a "sexual act" is required for rape.[4] Under our prior decisional law, we found that specific intent, viz., intent or knowledge, was not an element of the offense of statutory rape. *State v. Worrey,* Me., 322 A.2d 73 (1974). As Justice Weatherbee explained:

> The preliminary acts which culminate in a statutory rape may be innocent at law until the sexual intercourse occurs. The doer *may* have reasonably relied upon consent, misinformation as to the girl's age, and so forth. He may not have intended an *unlawful* touching. The sexual intercourse which follows is illegal simply because the girl is under the age of 14, not because the Defendant specifically intended wrongdoing. *Id.* at 81. (emphasis in original).

3. *Compare* the language, structure, and substance of 17–A M.R.S.A. § 252(1)(A) (statutory rape), found at n.5 *infra, with* 17–A M.R.S.A. § 253(1)(B) (statutory gross sexual misconduct).

4. As originally enacted, the "sexual act" necessary for gross sexual misconduct had to be other than intercourse, which act was defined in 17–A M.R.S.A. § 251(1)(C) as "any act of sexual gratification between 2 persons involving . . . direct physical contact between the sex organs of one and the sex organs of the other *without penetration* . . . ." (emphasis supplied). By amendment, P.L.1975, ch. 740, the Legislature deleted the emphasized language and added the following sentence: "A sexual act may be proved without allegation or proof of penetration." Such legislative conduct further diminished the differences between the offenses by permitting certain "sexual acts" to serve as predicates for rape.

5. The pertinent rape provision of 17–A M.R.S.A. § 252 provides:

Under the current provisions of the Code, no culpable mental state seemingly is required for conviction of statutory rape.[5] The absence of any such requirement from 17–A M.R.S.A. § 252(1)(A) does not appear to be legislative oversight, the Comment following the rape section indicating: "This section makes very little change in Maine law."

If intent or knowledge would not be an element of statutory rape under the Code, does any different result follow when statutory gross sexual misconduct is charged, *i. e.,* when a "sexual act" rather than "sexual intercourse" is involved? We think not.

■■■ In *State v. Alley,* Me., 385 A.2d 1175 (1978), we recently rejected the view that the language "sexual gratification" found in the definition of "sexual act" requires proof that the defendant subjectively derived pleasure or satisfaction from the act in question. The purpose of the term is to shield from the statute's purview those acts which are done for proper medical purposes or other valid reasons.[6] As such, the defendant's subjective state of mind, including his intention or purpose in performing the prohibited conduct, is not an essential element of the offense.

1. A person is guilty of rape if he engages in sexual intercourse:
   A. With any person, not his spouse, who has not in fact attained his 14th birthday
   . . . ..
   Sexual intercourse is defined in 17–A M.R.S.A. § 251(1)(B) as "any penetration of the female sex organ by the male sex organ. Emission is not required."

6. Were gross sexual misconduct to consist solely of 17–A M.R.S.A. § 253(1)(A), the protective language of "sexual gratification" would typically be unnecessary because an individual receiving proper medical treatment or other similar conduct is not ordinarily compelled to submit for an examination "by force and against [his] will," such elements being necessary for a conviction under that subsection. Where, however, the statutory offense is charged, 17–A M.R.S.A. § 253(1)(B), force and consent are by definition not in issue, hence some additional prophylactic for innocent conduct may have been thought desirable.

The Legislature was not unaware that it could require proof of a culpable state of mind for conviction of a sexual offense. In the related crime of unlawful sexual contact, 17–A M.R.S.A. § 255, it provided that the actor must *"intentionally* [subject] another person, not his spouse, to any sexual contact . . .."* (emphasis supplied). Thus, in *State v. Crocker, supra,* we found that voluntary intoxication would be a defense to such a charge. By contrast, the absence of any culpable state of mind from statutory rape and the closely allied offense of statutory gross sexual misconduct evinces a legislative intent to continue the pre-Code policy, enunciated in *State v. Worrey, supra,* of criminalizing certain similarly reprehensible conduct not because the individual intended any wrongdoing but simply because one of the prohibited acts was committed on a child less than fourteen years of age. Accordingly, we hold that within the meaning of 17–A M.R.S.A. § 11(5)(B), the Legislature intended to impose liability without culpability for violations of 17–A M.R.S.A. § 253(1)(B).

Since the crime of statutory gross sexual misconduct neither explicitly nor implicitly requires proof of intent or knowledge, the defense of voluntary intoxication was unavailable to the defendant. No error was committed in excluding the proffered testimony.

The entry is:

Appeal denied.

Judgment affirmed.

GODFREY, J., did not sit.