**STATE of Maine**

v.

**Aaron MILLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 29, 1993.

Decided June 2, 1993.

Alan P. Kelley, Deputy Dist. Atty., Augusta, for plaintiff.

Richard W. Elliott, II, Boothbay Harbor, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

RUDMAN, Justice.

Aaron Miller appeals from the judgments, entered on Superior Court (Kennebec County, *Delahanty, C.J.*) jury verdicts, convicting him of twenty counts of burglary, one count of attempted burglary, and one count of theft. *See* 17–A M.R.S.A. §§ 401, 152, 353 (1983 & Supp.1992). Miller challenges the sufficiency of the evidence of a number of the convictions and contends that twelve of the burglary counts should have been grouped together

and counted as only one burglary. We affirm the judgments of the Superior Court.

## I.

### Break-in at the Office of the Department of Probation and Parole

The State's case is based largely on the testimony of Mark Golden, a former co-defendant who admitted his involvement in and previously entered a plea of guilty to the very same charges for which Miller was ultimately convicted. Miller contends that the evidence introduced at trial is insufficient to support his burglary conviction because Golden could not specifically recall whether it was Miller who was present at the probation office during the commission of the crime. The State, in opposition, argues that, in addition to Golden's testimony, other circumstantial evidence was introduced that was sufficient to support the jury's guilty verdict.

We review Miller's challenge to the sufficiency of the evidence in the light most favorable to the State to determine whether a jury rationally could find each and every element of the criminal charge beyond a reasonable doubt. *State v. Barry*, 495 A.2d 825, 826 (Me.1985). Moreover, "[a] conviction may rest entirely on circumstantial evidence and such evidence is not inferior to direct evidence." *State v. Curtis*, 552 A.2d 530, 532 (Me.1988).

The following evidence presented at trial supports the jury's finding: Golden's testimony that he and Miller were friends, and had agreed to "break into places" and split the proceeds; that the only person with whom he committed burglaries was Miller; that his accomplice stole the gun from the office because he had never held a handgun; that later the same night he and Miller entered another building together; and that the police radio and handgun stolen from the office were found in Miller's residence.

While Golden was unable to precisely place Miller at the scene of the crime, nevertheless, based on the other evidence introduced at trial, the jury rationally could have found beyond a reasonable doubt that it was, in fact, Miller who entered a structure, with the knowledge that the entry was not licensed, and with the intent to commit a crime therein. *See* 17–A M.R.S.A. § 401(1) (1983); *State v. Mitchell*, 593 A.2d 1047, 1049 (Me.1991).

## II.

### Break-in at the Labbe Building
#### A. Number of Burglaries Committed

Miller contends that the burglaries of the twelve offices located within the Labbe building should have been counted as only one burglary since, in his view, the Labbe building "was the sole structure entered."

Under the Criminal Code, "[a] person is guilty of burglary if he enters or surreptitiously remains in a *structure*, knowing that he is not licensed or privileged to do so, with the intent to commit a crime therein." 17–A M.R.S.A. § 401(1) (1983) (emphasis added). "Structure" is defined as

a building or *other place designed to provide protection for persons or property against weather or intrusion*, but does not include vehicles and other conveyances whose primary purpose is transportation of persons or property unless such vehicle or conveyance, or a section thereof, is also a dwelling place.

*Id.* § 2(24) (emphasis added).

Contrary to Miller's contention, an office with a locked door clearly constitutes a "place designed to provide protection for persons or property against ... intrusion...." Moreover, we expressly rejected a similar argument in *State v. Hillman*, 565 A.2d 1012 (Me.1989). In *Hillman*, the defendant contended that a closed and locked interior office, to which he did not have access, was not a "structure" within the meaning of the burglary statute. The office was located within a building to which the defendant was permitted access. *Id.* at 1013. We noted that the plain language of the definition of the word "structure" includes "not only free standing buildings but also 'other place[s]' that are

'designed to provide protection ... for property.'" *Id.* (quoting 17–A M.R.S.A. § 2(24)). "The fact that the office was not a freestanding structure in its own right is irrelevant." *Id.* *See State v. Williams,* 387 A.2d 27, 29–30 n. 4 (Me.1978) ("[t]here is nothing to suggest ... that [an interior] 'office' was not by itself accurately characterized as a 'structure' within the comprehensive meaning intended for the term in the Criminal Code"). Miller's argument in the present case is similarly unpersuasive. Thus, the court's treatment of the burglaries at the Labbe building as twelve independent crimes was not erroneous.

### B. *Sufficiency of the Evidence*

■ Miller argues that even if the Labbe building burglaries are treated as twelve separate crimes, there still exists insufficient evidence to support the convictions. He bases his contention on Golden's testimony that Miller and Golden split up once they were inside the Labbe building. Miller asserts that there is no proof of exactly which offices, if any, he, in fact, broke into, and, therefore, the State did not prove beyond a reasonable doubt that he entered each "structure" as charged in the indictment. However, in the circumstances of this case, Miller is criminally responsible for Golden's conduct as well as his own. 17–A M.R.S.A. § 57(3)(A) (1983). As a result, the jury rationally could have found every element of the crimes charged beyond a reasonable doubt. *State v. Philbrick,* 551 A.2d 847, 852 (Me.1988).

The entry is:

Judgments affirmed.

All concurring.