STATE of Maine

v.

Richard James ASHLEY.

Supreme Judicial Court of Maine.
Argued March 6, 1985.
Decided April 5, 1985.

Paul Aranson, Dist. Atty., Laurence Gardner (orally), Asst. Dist. Atty., Portland, for the State.

Kettle, Carter, Hannigan & Klein, Dennis Levandoski (orally), Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN, and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Defendant Richard James Ashley appeals from a judgment of the Superior Court (Cumberland County) entered on a jury verdict convicting him of gross sexual misconduct[1] and of assault based on an incident involving a ten year old girl.[2] On appeal, defendant challenges the sufficiency of the evidence to support his conviction for gross sexual misconduct. Even if he should fail on that argument, he contends that his conviction for assault is invalid, because assault, he says, is a lesser included offense within gross sexual misconduct, and to convict him of both offenses based on the same conduct subjects him to double jeopardy. Finding no merit in defendant's contentions, we affirm both convictions.

---

1. 17–A M.R.S.A. § 253(1)(B) (1983).

2. 17–A M.R.S.A. § 207 (1983).

From the evidence presented at trial, the jury reasonably could have found the following facts. At the conclusion of a yard sale on Brackett Street in Portland, a neighborhood girl of ten years of age helped defendant return some unsold cans of paint to their storage place in a back hallway of the building where defendant lived. When they had each carried a few cans into the hallway and deposited them there, defendant closed the outside door, thus blocking the girl's exit from the building. Seizing her, defendant pulled down her pants, lifted her up, and as she testified, put his penis "in my privates." After a few minutes, defendant put her down, pulled her pants back up, and allowed her to leave the hallway.

Shortly after the victim returned home, she related the foregoing events to her mother, who took her to the Maine Medical Center. The physician who examined her there noted a petechial eruption, a form of bruising resulting from friction against the skin, in the gluteal area, just below the vagina where the buttocks come together. His examination also revealed a bruise in the labial area around the vagina.

## I.

Defendant argues that the State failed to prove actual contact between his sex organs and those of the victim, a necessary element of the offense of gross sexual misconduct with which he was charged. *See* 17–A M.R.S.A. §§ 251(1)(C), 253(1)(B) (1983).

▮ We reject that contention. Viewing the evidence in the light most favorable to the State, we inquire whether the jury rationally could find beyond a reasonable doubt that there was actual contact. *State v. Hebert*, 480 A.2d 742, 746–47 (Me.1984). It plainly could. The Law Court has never held that a young prosecutrix must employ exact medical terms to describe sexual contact. Quite the contrary, where the young victim of a sexual assault testifies against her molester, this court has consistently accepted the childish or slang expressions offered to describe the contact that occurred. *See id.* at 747 ("put his dink up my crack" held sufficient); *State v. Lyons*, 466 A.2d 868, 870 (Me.1983) ("my private" held sufficient reference to genitals). In the case at bar, the victim's testimony that defendant put his penis "in my privates" was clearly sufficient by itself to support the jury's finding of actual contact. *Cf. State v. True*, 438 A.2d 460, 471 (Me.1981) ("uncorroborated testimony of a prosecutrix is sufficient to support a rape conviction unless that testimony is inherently improbable or incredible and does not meet the test of common sense"). In addition, the testimony of the doctor who examined the victim provided substantial corroboration of her story. Defendant's conviction for gross sexual misconduct must stand.

## II.

Appellant's only other contention is that his conviction for assault is void because it is allegedly a lesser included offense within gross sexual misconduct, for which he was convicted based on the same acts as gave rise to the charge of assault. He argues that his conviction for assault subjects him to double jeopardy. He fares no better on this argument than on his first. 17–A M.R.S.A. § 13–A(2)(A) (1983) succinctly defines a lesser included offense to be "an offense carrying a lesser penalty which, *[a]s legally defined*, must necessarily be committed when the offense or alternative thereof actually charged, *as legally defined*, is committed." (Emphasis added) We have previously explained that:

> The test for a lesser included offense is not whether, in the circumstances of the particular case, defendant must have committed the lesser offense if he committed the greater. Rather, the test is whether, comparing the legal definitions of the two crimes, one must conclude that the lesser offense is necessarily committed whenever the greater is.

*State v. Atkinson*, 458 A.2d 1200, 1203 (Me.1983).

■ Analysis of the legal definitions of assault and gross sexual misconduct readily demonstrates the fallacy of defendant's lesser included offense argument. The legal definition of assault, in 17–A M.R.S.A. § 207, includes as a required mental element that the defendant have acted intentionally, knowingly, or recklessly; on the other hand, gross sexual misconduct involving a minor under 14 years of age, as defined in 17–A M.R.S.A. § 253(1)(B),[3] includes no mens rea. *See State v. Keaten,* 390 A.2d 1043, 1045 (Me.1978) ("statutory" gross sexual misconduct is a strict liability offense). Because of the additional mental element required for assault, the fact that gross sexual misconduct has been committed does not necessarily mean that an assault has also been committed. By its legal definition, assault is not a lesser included offense within the crime of gross sexual misconduct. Thus, the very premise of defendant's double jeopardy argument is simply wrong. He was charged with two legally distinct crimes, and the jurors, who were properly instructed on the distinctive elements of assault and gross sexual misconduct, found him guilty of both offenses.

■ There is an alternative and independent reason for rejecting defendant's double jeopardy argument. The jury, after proper instructions, brought in a general verdict of guilty of both assault and gross sexual misconduct. For the conviction of the Class A offense of gross sexual misconduct, the State had to prove direct physical contact of a very specific nature, that is, contact between the sex organs of defendant and the sex organs of the victim. On the other hand, evidence of offensive physical contact of any nature by defendant with the under-aged victim, if done intentionally, knowingly, or recklessly, was sufficient to support the jury's general verdict finding defendant guilty of the Class D offense of assault. The jury had ample evidence before it to convict defendant for assaultive contacts separate from, and in addition to, the contact between sex organs. The jury was justified in finding an assault had occurred when defendant knowingly seized the victim, pulled down her pants, and held her in an elevated position.

■ In sum, defendant's argument fails for two separate reasons: he is wrong in his premise that the assaultive conduct associated with the gross sexual misconduct constitutes a lesser included offense, and not a separate offense; and in any event, in the circumstances of this case, there was ample evidence of assaultive contacts other than those contacts between sex organs. Defendant's conviction for assault must stand.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** 17–A M.R.S.A. § 253(1)(B) reads as follows:

A person is guilty of gross sexual misconduct

1. If he engages in a sexual act with another person, not his spouse, and

B. The other person has not in fact attained his 14th birthday; ....