**STATE of Maine**

v.

**Morris B. WALKER.**

Supreme Judicial Court of Maine.

Argued June 13, 1986.

Decided July 16, 1986.

---

Janet T. Mills, Dist. Atty., Walter Hanstein (orally), Asst. Dist. Atty., Farmington, for State.

Calvin B. Sewall (orally), Wilton, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

GLASSMAN, Justice.

Morris B. Walker appeals from the judgment of the Superior Court, Franklin County, entered on a jury verdict finding him guilty of gross sexual misconduct involving a victim under age 14 in violation of 17–A M.R.S.A. § 253(1)(B) (Supp.1985–1986). On appeal Walker contends that the court abused its discretion in finding the victim competent to testify and committed error in instructing the jury and in denying his motion to suppress his oral statement. Because we hold that the instructions constituted obvious error, we vacate the judgment.

I

We first address the adequacy of the instructions.

The victim testified at trial that Walker had touched her vagina with his hand and that he had engaged in sexual intercourse with her. Two officers from the Franklin County Sheriff's Department testified as to their joint interview of Walker. Deputy Vicki Allen testified that Walker admitted to having intercourse with the victim "as well as touching her vaginal area and causing her to touch him." Detective Raymond Meldrum testified that Walker admitted that the victim touched his penis, but could not remember whether he admitted having intercourse with the victim.

The court instructed the jury on the elements of the offense:

A person is guilty of gross sexual misconduct if he engages in a sexual act with another person, not his spouse, and the other person has not in fact attained his or her fourteenth birthday. I'll read that again so there is no misunderstanding. A person is guilty of gross sexual misconduct if he engages in a sexual act with another person, not his spouse, and the other person has not attained his or her fourteenth birthday. The statute further defines for you the definition of the words sexual act. A sexual act, as defined by the statute, reads as follows: A sexual act means act of sexual gratification between two persons involving direct physical contact between the sex organs of one and the mouth or anus of the other, *or direct physical contact between the sex organs of the other*, or direct physical contact between the sex organ of one or [sic] an instrument or device manipulated by the other. A sexual act may be proved without allegation of [sic] proof of penetration. (Emphasis added.)

Because Walker did not object to the instructions at trial, we review the instructions pursuant to M.R.Crim.P. 52(b) for obvious error. *State v. Michaud,* 473 A.2d 399, 404 (Me.1984); *State v. Cote,* 462 A.2d 487, 488 (Me.1983).

This standard requires the reviewing court to make "a penetrating inspection of all the circumstances of the trial to determine whether there exists 'a seriously prejudicial error tending to produce manifest injustice.'" *State v. Daley,* 440

A.2d 1053, 1055 (Me.1982) (quoting *State v. Baker,* 409 A.2d 216, 219 (Me.1979)). Manifest error will be found only if "there exists a 'reasonable possibility' that a complete and adequate instruction would have resulted in a different verdict." *State v. Bahre,* 456 A.2d 860, 865 (Me.1983).

*Michaud,* 473 A.2d at 404.

In the instant case the trial court correctly listed the elements of gross sexual misconduct in the terms of the statute. 17–A M.R.S.A. § 253(1)(B) (Supp.1985–1986) provides that a person is guilty of gross sexual misconduct if he engages in a sexual act with another person and the other person, not his spouse, has not in fact attained his fourteenth birthday. Here the key factual issue for the jury to resolve was whether Walker had engaged in a sexual act within the meaning of the statute. At the time of the offense the criminal code defined "sexual act" as follows:

> "Sexual act" means any act of sexual gratification between 2 persons involving direct physical contact between the sex organs of one and the mouth or anus of the other or *direct physical contact between the sex organs of one and the sex organs of the other,* or direct physical contact between the sex organs of one and an instrument or device manipulated by the other. A sexual act may be proved without allegation or proof of penetration. (Emphasis added.)

17–A M.R.S.A. § 251(1)(C) (1983), *repealed and replaced by* P.L.1985, ch. 495, § 5 (effective Sept. 19, 1985).

■ In the first instance, we note that the court in its instructions needlessly introduced issues not generated by the evidence by instructing on physical contact "between the sex organs of one and the mouth or anus of the other" and contact "between the sex organs of one and an instrument or device manipulated by the other." Second, and more importantly, the court's instruction on the one form of a sexual act generated by the evidence was erroneous. The definition of a sexual act in terms of "direct physical contact between the sex organs of the other" literally makes no sense. It may, however, suggest that a mere touching of the victim's sex organs—that is, "direct physical contact *with* the sex organs of the other" is a sexual act within the definition of gross sexual misconduct. The possibility that the jury could have understood the instruction as defining a contact between Walker's hand and the victim's sex organ or the victim's hand and Walker's sex organ was heightened by the court's further correct instruction that a sexual act "may be proved without allegation of [sic] proof of penetration."

The question becomes whether there exists a reasonable possibility that an instruction correctly defining a sexual act would have resulted in a different verdict. *See Michaud,* 473 A.2d at 404. Since the victim and Deputy Allen testified to contact between Walker's hand and the victim's vagina, and since Detective Meldrum testified only to the victim's touching Walker's penis, the possibility arises that the jury's verdict was based on the evidence of that touching and that the jury did not reach the issue of whether in fact there had been direct physical contact between the sex organs of the victim and of Walker.

We have previously recognized that a failure to instruct properly on each of the essential elements of the offense affects the defendant's substantial rights. *State v. Earley,* 454 A.2d 341, 343 (Me.1983). Here the court erroneously defined the crucial disputed element of the crime. The ambiguity generated by the instructions created a reasonable possibility that the jury based its verdict on an erroneous conception of the law. Accordingly, we hold that the instruction constituted obvious error under M.R.Crim.P. 52(b) and vacate the judgment. *See State v. True,* 438 A.2d 460, 469 (Me.1981).

II

In consideration of judicial economy we address Walker's remaining contentions be-

cause the issues may arise again in a new trial.

Walker contends that the court erred in denying his motion to suppress his oral statement on the ground that he had not waived his *Miranda* rights. Our review of the record discloses that the court's finding that Walker was not in custody at the time he made the statement to the police officers is supported by the evidence. *See United States v. Streifel,* 781 F.2d 953, 962 (1st Cir.1986); *State v. Gardner,* 509 A.2d 1160, 1163 (Me.1986). We hold that the court properly admitted evidence of the statement. *See State v. Longley,* 483 A.2d 725, 730 (Me.1984).

■ Finally, Walker contends that the court abused its discretion in finding the 12–year-old victim competent to testify. Considering the totality of the voir dire of

the witness, we find no basis for holding that the court abused its discretion in determining the victim was capable of understanding the duty of a witness to tell the truth as required by M.R.Evid. 601(b). *See State v. Vigue,* 420 A.2d 242, 246 (Me. 1980).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.