STATE of Maine

v.

Robert E. WORKS.

Supreme Judicial Court of Maine.

Argued Jan. 12, 1988.
Decided Feb. 10, 1988.

Paul Aranson, Dist. Atty., Laurence Gardner (orally), Deputy Dist. Atty., Portland, for plaintiff.

Daniel R. Warren (orally), Bean, Jones & Warren, Scarborough, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

McKUSICK, Chief Justice.

After a jury trial in Superior Court (Cumberland County) defendant Robert E. Works was convicted of one count of assault (17–A M.R.S.A. § 207 (1983)) and one count of public indecency (*id.* § 854). On his appeal defendant challenges the court's refusal to suppress an out-of-court identification and the admission of evidence concerning defendant's involvement in a similar, but unrelated incident. Although we find no merit in defendant's suppression argument, we conclude that receipt at trial of evidence of defendant's similar conduct on a different occasion so prejudiced defendant as to deny him a fair trial. We therefore vacate the conviction.

In June 1986 an eight-year-old girl was grocery shopping with her mother at a Portland supermarket. While the mother was in the checkout line, the girl went to look at greeting cards elsewhere in the store. She testified at trial that a man

then approached her, exposed his genitals, and pressed up against her while so exposed. The girl went to her mother and told her what had just occurred. The mother, her daughter, and the store manager began searching the aisles for the man. When the girl pointed the man out to her mother and the store manager, the store manager recognized him as a regular customer of the supermarket and telephoned the police to report the incident.

Within minutes after a description of the suspect was broadcast over the police radio, a Portland police officer stopped defendant on the street and asked him if he had been involved in the incident at the supermarket. Defendant admitted that he had been at the supermarket, denied any involvement in the incident, and agreed to return to the supermarket to "straighten things out." The officer drove defendant back to the supermarket. Upon arrival there and while defendant was seated in the back of the marked police cruiser, the store manager identified defendant as the man whom the victim had pointed out in the store.

Defendant was charged with assault and public indecency. At his jury trial defendant admitted to being in the supermarket at the time of the incident but denied any connection with the conduct charged. Under cross-examination by the State, defendant admitted that at another time subsequent to his indictment in this case he had masturbated in an aisle at a Westbrook department store. The jury found defendant guilty as charged.

## I.

■ Defendant contends that the Superior Court erred by denying his motion to suppress the store manager's identification of defendant while he was sitting in the back of a marked police cruiser. In determining the admissibility of such an out-of-court identification, the motion justice must determine, first, whether the identification procedure was suggestive, and, if so, whether, in the totality of the circumstances, the identification was reliable despite the suggestive procedure. *See State v.*

*True,* 464 A.2d 946, 950 (Me.1983). In the case at bar the court found that the procedure was suggestive but concluded nonetheless that the store manager's observations of defendant both when he had been pointed out by the victim and on earlier occasions when he shopped regularly at the supermarket conclusively established the reliability of the identification. We cannot say that the Superior Court's conclusion was error.

## II.

■ Defendant also contends that receipt at trial of evidence of his public masturbation at the Westbrook department store was prejudicial and deprived him of a fair trial.

M.R.Evid. 404(b) excludes evidence of a person's other wrongdoing, even when similar to the behavior alleged at trial, when that evidence is offered to prove that the person has acted in conformity with his wrongdoing on that other occasion. Such evidence may be admitted only if it is relevant to some other issue at trial. *See State v. Delong,* 505 A.2d 803, 805–06 (Me. 1986). Even if evidence of unrelated but similar wrongdoing is relevant and admissible under M.R.Evid. 404, a court should still exclude it under M.R.Evid. 403 if the danger of unfair prejudice produced by it substantially outweighs its probative value.

■ The presiding justice apparently recognized the inadmissibility of the evidence of defendant's public masturbation in the department store when, at the time of his final jury instructions, he charged the jury that they were *"not at all* to take [the evidence of defendant's similar act] adversely to [defendant] in respect to any findings as to what occurred on [the day of the charged incident]." (Emphasis added) In his instruction the presiding justice did not attempt to limit the use of the evidence to any issue on which it might have been relevant, but rather instructed the jury to disregard the evidence completely. We agree with the justice's determination. The questionable evidence, even if marginally relevant under M.R.Evid. 404, was inadmissible as a matter of law under a Rule

403 analysis. The grossly prejudicial effect of evidence of public masturbation substantially outweighed any minimal probative value that the evidence might have.

Even though the receipt of the evidence of defendant's similar act was error as a matter of law, we are left with the question whether the presiding justice's final instruction to the jury that it should disregard all testimony concerning that collateral incident was sufficient to cure the error. We conclude that it was not. In these circumstances "the obviousness of the error and the seriousness of the injustice done to the defendant thereby are so great the Law Court cannot in good conscience let the conviction stand." *State v. True*, 438 A.2d 460, 469 (Me.1981). Evidence that defendant had been involved in an incident similar to the offense for which he is on trial is extremely prejudicial. *See State v. Goodrich*, 432 A.2d 413, 417–18 (Me.1981). The jury is improperly led to believe that if defendant acted in a certain manner once, he probably committed the similar crime charged. *Id.* The evidence is particularly prejudicial in this case where defendant, although he admitted to being in the supermarket at the time of the crime, has denied that he committed the crime. Thus, whether defendant was the individual who exposed himself in the supermarket was the critical issue of fact for the jury. Testimony elicited from defendant himself that he had acted similarly at an unrelated time was so highly prejudicial on that critical issue that its erroneous receipt in evidence during trial could not be cured by the court's much later instruction to the jury to disregard it.

The entry is:

Judgment vacated.

All concurring.