STATE of Maine

v.

Nye WHITING.

Supreme Judicial Court of Maine.

Argued Nov. 18, 1987.
Decided March 9, 1988.

shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

John D. McElwee, Dist. Atty., Neale T. Adams (orally), Asst. Dist. Atty., Caribou, for the State.

Mark S. Freme (orally), Freme & Freme, Caribou, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

The defendant, Nye Whiting, appeals from a Superior Court, Aroostook County, judgment entered on a jury verdict finding him guilty of unlawful sexual contact, 17–A M.R.S.A. § 255 (Class C) (Supp.1987). Whiting contends on appeal that the trial court committed error in allowing testimony of prior sexual contact between the victim and the defendant and in the court's limiting instruction, and that the evidence is insufficient to sustain the conviction. We affirm the judgment.

The State's principal witness against Whiting was the victim, 12 years old at the time of the alleged offenses and the daughter of Whiting's then live-in girlfriend. Whiting met the victim's mother, the single mother of four young children, in Oklahoma and moved in with her family. They moved to Grand Lake Stream in Washington County in 1984, and then to Perham in 1986. In July 1986, after a heated argument, Whiting moved out of the Perham apartment he had been sharing with the victim's mother and her children.

Shortly thereafter, in August 1986, the victim related to Martin Parente of the Department of Human Services that Whiting had taken her on a fishing trip in May 1986 and had removed her pants and touched her vagina. The victim was examined by a Caribou physician, who found no physiological signs of sexual abuse.

In October 1986, in a second interview with Parente, the victim related that, in addition to touching her, Whiting had attempted to have intercourse with her during the same May fishing incident.

Whiting was charged with one count of gross sexual misconduct, 17–A M.R.S.A. § 253 (Class A) (Supp.1987) and one count of unlawful sexual contact, 17–A M.R.S.A. § 255 (Class C).

At trial, the victim testified that on May 1, 1986, Whiting took her fishing. She further testified that Whiting, who had been drinking, took off her pants and spent 15 to 20 minutes touching her and attempting to have intercourse with her. He then told her to get dressed, and they returned home. She testified that she was reluctant to tell her mother about the incident, and was afraid of being hit by Whiting, who had hit the children in the past. She also testified that she did not tell Parente her entire story during the initial interview in August because of her fear of Whiting.

The jury heard the victim testify that Whiting had touched her on prior occasions and were then instructed by the court that they could consider that evidence for limited purposes only and not for the purpose of showing a propensity on the part of Whiting to commit sexual acts.

The jury found Whiting not guilty of the charge of gross sexual misconduct and guilty of unlawful sexual contact.

I.

During the direct examination of the victim, after she testified as to her being hit by and to her fear of Whiting, she was asked if Whiting had ever touched her prior to the May 1986 incident. Over the general relevancy objection of Whiting, the victim was allowed to tell of Whiting's touching her vagina on prior occasions while living in Oklahoma.

M.R.Evid. 404(b)[1] excludes evidence of prior or subsequent acts similar to the charged offense "to prove the character of

---

1. M.R.Evid. 404(b) provides as follows:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a

   person in order to show that he acted in conformity therewith.

a person in order to show that he acted in conformity therewith," but does not exclude such evidence if offered for some other probative purpose. *State v. DeLong,* 505 A.2d 803, 805–06 (Me.1986). In a case involving an alleged sexual offense, evidence of prior or subsequent similar acts between the parties may be admissible to show "the relationship between the parties that in turn sheds light on defendant's motive (i.e., attraction to the victim), intent (i.e., absence of mistake), and opportunity (i.e., domination of the victim) to commit the crimes with which he was charged." *Id.* at 806.

That evidence, otherwise not excluded under Rule 404(b), may be excluded under M.R.Evid. 403 on the basis that its unfair prejudicial effect substantially outweighs its probative value.[2] Whiting made no request that the trial court exclude the evidence entirely from consideration by the jury under Rule 403.

Immediately after the challenged testimony the court instructed the jury that that evidence could not be considered in any way to determine that because Whiting may have committed a sexual act in the past, he committed the acts alleged to have occurred in May 1986. Whiting did not object to that limiting instruction.

Because Whiting failed to object to the limiting instruction, we review his present contention as to its inadequacy for obvious error affecting substantial rights under M.R.Crim.P. 52(b). *See also* M.R.Evid. 103(d). In order for Whiting to prevail under the obvious error standard, he has to demonstrate that the limiting instruction was so inadequate that the proceeding was tainted, denying him a fair trial and resulting in manifest injustice. *State v. Smith,* 472 A.2d 948, 950–51 (Me.1984). *See* 2 Cluchey & Seitzinger, *Maine Criminal Practice* § 52.4 (1987). Although the limiting instruction was not a model of clarity, we do not accept Whiting's claim that he was denied a fair trial.

## II.

Whiting also contends that the victim's testimony is inherently contradictory and incredible and insufficient to support his conviction. Whiting points to conflicting evidence as to when the victim told her mother of the sexual encounter, the victim testifying it was prior to Whiting's leaving the family, the mother testifying it was subsequent to his departure. Whiting further points to the failure of the victim to tell Martin Parente of the attempted sexual intercourse until two months after the initial interview.

In testing the sufficiency of the evidence, we view the evidence in a light most favorable to the State to determine if a jury could rationally find every element of the criminal charge beyond a reasonable doubt. *State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

The uncorroborated testimony of a victim, if not inherently improbable or incredible or lacking the measure of common sense, is sufficient to sustain a guilty verdict in a sexual crime. *State v. Pelletier,* 534 A.2d 970, 972 (Me.1987); *State v. True,* 438 A.2d 460, 471 (Me.1981). The victim's testimony here, although containing some contradictions, was not so contradictory, unreasonable, incredible or so lacking in common sense that it could not sustain the verdict.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** M.R.Evid. 403 reads, in its entirety:
Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.