**STATE of Maine**

**v.**

**Richard NIELSON.**

Supreme Judicial Court of Maine.

Argued Sept. 23, 1988.
Decided Jan. 4, 1989.

Paul Aranson, Dist. Atty., Diane Powers (orally), Portland, for plaintiff.

David Beneman (orally), Levenson & Vickerson, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

Richard Nielson appeals from his convictions on charges of aggravated assault and robbery after a jury trial in the Superior Court, Cumberland County (*Brodrick, J.*). Nielson argues (1) that the trial court improperly excluded character evidence concerning a witness, (2) that the court erred in admitting evidence of a prior inconsistent statement made by an alibi witness, and (3) that the court should have granted his motion for a new trial on the ground that a juror was "contaminated." We affirm the judgments.

*Facts and Procedure*

In the early morning of January 15, 1987 in Portland, William Davis stopped his truck and offered a ride to two female pedestrians. After a stop they proceeded to an apartment on Congress Street and, while the two women went upstairs, Davis waited in his truck. About 15 minutes later, the younger of the two women came downstairs and told him to come upstairs. As he climbed the stairs behind her, Davis was assaulted and seriously injured by a blow delivered with an ice chisel by a person he did not see.

At trial, the two women testified that the apartment to which they brought the victim was occupied by the defendant, Richard Nielson. They testified that after planning to "roll" Davis, Nielson told the younger woman to bring Davis upstairs. The younger woman further testified that after the assault, Nielson took Davis's money and a dart case, and threw the truck keys out of the apartment window. Nielson then hid the dart case behind the refrigerator in another apartment within the building. The ice chisel, which belonged to Nielson and was identified as the weapon used in the assault, was discovered in a vacant apartment to which he had a key.

The defense relied upon the testimony of Nielson's sister who told the police that she was asleep at the time of the attack, but at trial testified that she was awake and that her brother took no part in the assault. A police officer testified at trial concerning her prior inconsistent statement.

I. Character Evidence

■ Nielson argues that testimony regarding the younger woman's reputation for "rolling" her customers was incorrectly excluded. At trial he offered the testimony under M.R.Evid. 404 as evidence of bad acts that he claimed would show motive to do something or a knowledge of how to do something, i.e., that she knew how to "roll" customers. On appeal, Nielson relies on our prior opinions in *State v. Whiting*, 538 A.2d 300 (Me.1988) and *State v. Wyman*, 270 A.2d 460 (Me.1970). Neither case supports Nielson's argument because each involved evidence of specific bad acts. In the

case at bar, Nielson sought to prove motive or knowledge of the witness by evidence of her reputation for "rolling" customers. Such evidence is not included within the *Whiting* or *Wyman* exceptions to M.R. Evid. 404(b) dealing with specific instances of conduct. Moreover, such evidence is not included within the area of permissible inquiry concerning the character of a witness permitted by M.R.Evid. 404(a)(2), referring to M.R.Evid. 607, 608 and 609. In short, the evidence was properly excluded.

## II. Prior Inconsistent Statement

■ The defendant asserts that his sister's statement to police that she was asleep during the assault was improperly admitted. Because the witness testified at trial that she was awake and could offer an alibi, her prior statement to the officer that she was asleep is both inconsistent and relevant.

Impeaching a witness is governed by M.R.Evid. 607. It is "well settled" that a witness may be impeached by evidence of a prior statement inconsistent with testimony at trial. *State v. Allen,* 462 A.2d 49 (Me. 1983). Determining that a statement is inconsistent with prior statements is within the discretion of the presiding justice. *State v. St. Germain,* 369 A.2d 631, at 632 (Me.1977). If evidence is relevant and its prejudicial effect does not substantially outweigh its probative value, it is admissible. *State v. Dodge,* 397 A.2d 588, at 592 (Me.1979); M.R.Evid. 403.

Nielson's sister was the sole alibi witness for the defense and testimony regarding inconsistencies in her descriptions of events that evening certainly did not help the defense's cause. Proof of undue prejudice, however, involves more than a simple injury to a party's case. *State v. Hurd,* 360 A.2d 525, at 527, n. 5 (Me.1976). In this situation, the police officer's testimony that Nielson's sister initially stated that she was asleep was properly introduced as impeachment evidence under M.R.Evid. 607.

## III. Jury Contamination

■ Finally, Nielson argues that he should have been granted a new trial on the ground that he attempted to influence a juror during his trial. His argument is without merit, since it was incumbent upon Nielson to make this contact known to the presiding justice before a verdict was announced. As was made clear in *State v. Chattley,* 390 A.2d 472 (Me.1978):

> [w]hen a party has knowledge of facts, or could with due diligence ascertain facts, bearing on a juror's qualifications to serve on a jury but fails to apprise the court of those facts within such a time as to allow it to correct any possible error, the party waives any rights subsequently to raise that objection.

*Id.* at 477. The defendant made no effort to inform the court or his lawyer of his contact with the juror. Furthermore, the presiding justice in a subsequent hearing satisfied himself that the juror continued to review the evidence with impartiality throughout the remainder of the trial. No relief is warranted on these facts.

■ We do not suggest that contact between a defendant and a juror never may be a ground for a new trial. However, a defendant who seeks to prejudice his own case by such a contact, and keeps that contact secret until an unfavorable verdict is returned, cannot claim to be prejudiced by his own misdeed.

The entry is:

Judgments affirmed.

All concurring.