## STATE of Maine

### v.

### Stanley G. PINKHAM.

Supreme Judicial Court of Maine.

Argued March 13, 1989.

Decided April 7, 1989.

Michael E. Povich, Dist. Atty., Gail S. Marshall (orally) Asst. Atty. Gen., Ellsworth, for the State.

William B. DeVoe (orally), Eaton, Peabody, Bradford & Veague, Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

A jury in the Superior Court (Hancock County, *Delahanty, J.*) acquitted Stanley G. Pinkham of rape, 17–A M.R.S.A. § 252(1) (1983 & Supp.1988), but convicted him of gross sexual misconduct. 17–A

---

M.R.S.A. § 253(1)(A) (1983 & Supp.1988). On appeal from the conviction, he argues that the Superior Court erred in refusing to suppress statements he made to the investigating officer. He also argues that the jury verdict is incapable of logical reconciliation. We find no error and we affirm the judgment.

■ Before trial, Pinkham moved to suppress statements he made to Trooper Setler of the Maine State Police after meeting Setler at his courthouse office. The presiding justice denied Pinkham's motion, finding no "indicia of custody." On appeal Pinkham argues that when an investigating officer knows that a particular person is a primary suspect, good faith requires that the *Miranda* warnings be given even though the person is not in custody. This argument is totally unsupported by any authority.

■ We have stated that *"Miranda* warnings are mandated only where a suspect is both in custody and subjected to interrogation as these terms are understood under the *Miranda* doctrine." *State v. Philbrick*, 436 A.2d 844, 848 (Me.1981) (cites omitted). Furthermore, the trial court's finding of no custodial interrogation will be upheld if the record provides rational support for that determination. *State v. Thibodeau*, 496 A.2d 635, 638 (Me.1985) *cert. denied* 475 U.S. 1141, 106 S.Ct. 1793, 90 L.Ed.2d 338 (1986). In this case, the Superior Court could rationally have found that defendant went voluntarily to the interview and knew that he was free to leave at any time. The Superior Court appropriately concluded that a reasonable person in defendant's position would not have believed that he was being restrained to the degree associated with a formal arrest. *California v. Beheler*, 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (*per curiam*); *State v. Gardner*, 509 A.2d 1160, 1163 (Me.1986). Therefore the court did not err in denying the suppression motion.

■ We also find no merit in defendant's argument that the jury verdict was inconsistent and incapable of logical reconciliation. He correctly observes that, as charged in this case, the crime of rape includes the elements of gross sexual misconduct and the additional element of penetration. Because the victim testified to penetration and the jury found only genital to genital contact, defendant claims that the jury was compelled to reject her testimony *in toto*. Our review of the record, however, persuades us that a jury could rationally entertain a reasonable doubt as to penetration and yet find beyond a reasonable doubt the essential elements of gross sexual misconduct.

The entry is:

Judgment affirmed.

McKUSICK, C.J., and GLASSMAN, CLIFFORD and COLLINS, JJ., concurring.

HORNBY, Justice, with whom ROBERTS, J., joins concurring.

I cannot agree that on the evidence presented at trial the jury rationally could find the essential elements of gross sexual misconduct without also finding the element of penetration that constitutes rape. Pinkham's acquittal on the charge of rape, however, does not require his acquittal on the charge of gross sexual misconduct any more than his conviction on the latter requires his conviction on the former. There was sufficient evidence for the jury to find beyond a reasonable doubt all the elements of gross sexual misconduct. No more is required to affirm that conviction regardless of the disposition of the rape charge. *Dunn v. United States*, 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932); *State v. DiPietro*, 420 A.2d 1233, 1237 (Me. 1980) (dictum); *see State v. Snow*, 513 A.2d 274, 277 (Me.1986) ("This Court has never decided that inconsistent verdicts do require reversal."). I therefore agree that the judgment should be affirmed.