**STATE of Maine**

v.

**Harry BOONE.**

Supreme Judicial Court of Maine.

Argued May 9, 1989.

Decided Aug. 4, 1989.

Michael E. Povich, Dist. Atty., Mark L. Randall (orally), Asst. Dist. Atty., Machias, for plaintiff.

Martha J. Harris (orally), Paine, Lynch & Harris, P.A., Bangor, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Harry Boone appeals from the judgments of the Superior Court (Washington County, *Smith, J.*) entered on the jury verdicts finding him guilty of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp. 1988), and assault, 17–A M.R.S.A. § 207 (1983 & Supp.1988). Boone contends the trial court erred (1) in admitting evidence of uncharged incidents that occurred between Boone and the alleged child victim, (2) in failing to give a curative instruction after the State's rebuttal argument, and (3) in improperly defining the term "offensive sexual contact" in its jury instructions. He also asserts that the State failed to establish a necessary element of the offense of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C). We affirm the judgments.

I

A jury would have been warranted in finding the following facts. The alleged victim, a child under the age of 14 years, and Boone were neighbors and had spent many hours together since she was in the first grade. She would visit Boone at a small convenience store owned by Boone or at Boone's home and play cards and other games, and eat meals and snacks.

In September of 1986, when the child was 11 years old, she sat on a stool behind a counter at Boone's convenience store and awaited the announcement of the week's Tri–State Lottery numbers on the television. She testified that Boone came up behind her and "put his hands down the front of [her] pants ... in the front where [she] go[es] to the bathroom ... number one ... [and] squeezed." She also testified that in 1987 while visiting Boone at his home, Boone grabbed her arm and pulled her into his lap. He then began to put his hand down the back of her pants but stopped after the child's friend entered the room.

Boone denied that he ever touched the child inappropriately. The jury found Boone guilty of the charged offenses, and Boone appeals.

## II

Boone first contends that evidence of uncharged incidents between Boone and the child was inadmissible and the court's limiting instructions did not combat the prejudicial effect of that evidence. He argues that although M.R.Evid. 404(b)[1] did not preclude the evidence, it was inadmissible under M.R.Evid. 403.[2]

Following the child's testimony that Boone had "laid on top" of her while she and Boone were playing a game, and that Boone on another occasion gave her a "French kiss" while they were playing cards, the court instructed the jury that this evidence was to be considered only for the limited purpose of establishing either intent or the relationship between the parties. The instruction tracked recommendations made by Boone to the court. Although Boone initially objected to the admission of the testimony, he did not object to the instruction. Over Boone's objection a 13-year-old friend of the child testified that she once saw that Boone "had [the child's] arms pinned down" on the floor in Boone's living room, and that on another occasion she observed Boone stroke the child's inner thigh with his hand. Boone declined the court's offer to give a limiting instruction immediately following this testimony. At Boone's request, a limiting instruction was included in the court's charge to the jury. Boone did not object to that instruction.

We have previously stated that evidence of uncharged incidents that is relevant and admissible under M.R.Evid. 404 may still be excluded under M.R.Evid. 403 "if the danger of unfair prejudice produced by it substantially outweighs its probative value." *State v. Works*, 537 A.2d 221, 222 (Me.1988). We review the findings of the trial court under an abuse of discretion standard, as the trial court has broad discretion in ruling on evidence challenged as unfairly prejudicial. *See State v. DeLong*, 505 A.2d 803, 806 (Me.1986); Field & Murray, *Maine Evidence* § 403.1 at 85 (1987).

After reviewing the record, we conclude the trial court did not commit any error in balancing the relevant probative value of this evidence against any danger of unfair prejudice. *See DeLong*, 505 A.2d at 806. The content of the two limiting instructions relating to the child's testimony tracked Boone's request to the court and did not amount to obvious error affecting substantial rights. *See State v. Whiting*, 538 A.2d 300, 302 (Me.1988) (because defendant failed to object to the limiting instructions given, Law Court reviews for obvious error affecting substantial rights). Although the court did not give a limiting instruction specifically relating to the friend's testimony, we do not find this to be a sufficient basis for reversing the holding of the trial court, as Boone refused the court's offer to give a limiting instruction immediately after the friend's testimony and did not object to the court's final instruction to the jury. *See State v. Greene*, 512 A.2d 330, 333 n. 2 (Me.1986) ("[I]t is the obligation of counsel to request [a limiting] instruction"). Counsel's action may reflect a tactical decision to minimize the impact of the friend's testimony. *See State v. True*, 438 A.2d 460, 471 (Me.1981). The advantages offered by a limiting instruction in this case are not so obvious that it was manifestly unjust for the trial court to fail, on its own initiative, to give a limiting instruction. *Id.* The trial court's limiting instructions as to the uncharged incidents did not deprive Boone of a fair trial.

---

1. M.R.Evid. 404(b) provides:
   **(b) Other crimes, wrongs, or acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

2. M.R.Evid. 403 provides:

   Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

## III

■ Boone further contends that the State's rebuttal argument went beyond the facts in evidence. He contends the trial court's failure to give a curative instruction after the rebuttal argument deprived Boone of a fair trial. We disagree.

To make the point that the child's testimony "defie[d] common sense," Boone in his closing argument pointed out that the child had testified that the contact at issue occurred in front of a window that faced a busy public street and a parking lot. In response, the State in its rebuttal stated: "[N]obody said [the contact at issue] happened in front of a window. Harry Boone himself brought up the window." After the court instructed the jury, Boone objected to the State's rebuttal argument, contending that the State had misrepresented the testimony. Boone did not request and the court did not give a curative instruction.

The record discloses that the child did testify that there was a window beside the stool where she was sitting when the alleged unlawful sexual contact occurred. Consequently, we find the State in its rebuttal inappropriately misrepresented to the jury a fact in evidence. *See State v. Reilly*, 446 A.2d 1125, 1128–29 (Me.1982) (prosecutor may not in his argument go beyond the facts in evidence); *State v. Terrio*, 442 A.2d 537, 543 (Me.1982) ("[T]he legal advocate may employ wit, satire, invective and imaginative illustration in his arguments before the jury ... but in this the license is strictly confined to the facts in evidence.") (quoting *State v. Martel*, 103 Me. 63, 66, 68 A. 454 (1907)).

■ Because Boone did not object to the State's rebuttal until after the court's charge to the jury, we review the trial court's failure to give a curative instruction only for obvious error affecting substantial rights. *State v. Hinds*, 485 A.2d 231, 237 (Me.1984) ("[A] defendant must object to improper argument at the time it is made

to the jury 'so that the presiding justice may set the matter right and instruct [the jury] in relation thereto;' otherwise, the point is not preserved.") (quoting *Werner v. Lane*, 393 A.2d 1329, 1333–34 n. 3 (Me. 1978)); M.R.Crim.P. 52(b).

The trial court on four occasions throughout the course of the trial instructed the jury that anything said in the arguments was not evidence. The jurors heard the child testify that she had been sitting near the window when the incident occurred and were able to assess for themselves the inaccuracy of the State's remarks. We also note that Boone does not contend there was bad faith on the part of the State. We thus conclude that the court's failure to give a jury instruction specifically addressing the State's rebuttal argument was not so prejudicial as to rise to the level of obvious error.

## IV

We next address Boone's contention that the trial court improperly defined the term "offensive sexual contact" in its instruction to the jury on the charge of unlawful sexual contact.[3]

Sexual contact is defined by 17–A M.R. S.A. § 251(1)(D) (Supp.1988) as "any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact."

■ The trial court correctly listed the elements of the crime of unlawful sexual contact, *see* 17–A M.R.S.A. § 255, and tracked the statutory definition of sexual contact, 17–A M.R.S.A. § 251(1)(D). The trial court, however, repeatedly defined "offensive physical contact" as "contact that the person, the recipient of the contact, feels is offensive or does not want." Boone now argues that contrary to the trial court's instruction offensive physical con-

---

**3.** 17–A M.R.S.A. § 255 (Supp.1988) provides:

**1.** A person is guilty of unlawful sexual contact if he intentionally subjects another person to any sexual contact, and:

. . . .

**C.** The other person, not his spouse, has not in fact attained his 14th birthday and the actor is at least 3 years older.

tact requires an objective standard for proving offensive physical contact.

Because counsel did not specifically object to the instruction on the ground raised on appeal, we review the alleged error under the obvious error standard of M.R. Crim.P. 52(b). *State v. True*, 438 A.2d 460, 469 (Me.1981); M.R.Evid. 103. "The question becomes whether there exists a reasonable possibility that an instruction correctly defining a sexual act would have resulted in a different verdict." *State v. Walker*, 512 A.2d 354, 356 (Me.1986).

In *State v. Bushey*, 425 A.2d 1343, 1346–47 (Me.1981), we stated:

> The aim of criminal law is to protect the public against harm. The state brings criminal proceedings to protect the public interest, not to compensate the victim....
>
> ... The focus of criminal law is upon the defendant's behavior; the question to be asked is whether it is in the public interest to let such behavior go unpunished. If a subjective standard were always to be applied, conduct which the public at large condemns would at times go unpunished because of the fortuitous circumstance that the victim was unusually insensitive or slow to take offense. Moreover, if a subjective standard alone were applied, innocuous physical contact such as a tap on the shoulder might become the basis for an assault conviction should the 'victim' be unusually sensitive or easily offended.

*Bushey*, 425 A.2d at 1346–47. We do not define "offensive physical contact" in the context of a charge of unlawful sexual contact in subjective terms. Although the victim's reaction to the contact is relevant, it is not determinative of whether contact is offensive. *Id.* Instructing a jury to apply a subjective standard of proof, one dependent on the victim's subjective reaction, inappropriately emphasizes the victim's injuries instead of the immoral or *"bad"* behavior of the assailant. *Bushey*, 425 A.2d at 1346 ("Criminal law emphasizes not pecuniary damage to the victim (as does tort law), but rather the immoral or 'bad' behavior of the defendant.").

The error in the trial court's instruction, however, does not rise to the level of obvious error affecting Boone's substantial rights. A sexual act requires touching of the genitals for one of three purposes—"for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact." 17–A M.R.S.A. § 251(1)(D). The details of the touching as described by the child do not permit any conclusion but that the contact at issue was for the purpose of arousing Boone's "sexual desire." We see no reasonable possibility that a jury would rationally doubt that a reasonable person would find such physical contact offensive. On the record in this case we conclude that the instruction, although erroneous, did not amount to a seriously prejudicial error tending to produce manifest injustice. *See Walker*, 512 A.2d at 356; *True*, 438 A.2d at 469.

V

Finally, Boone's argument that the State failed to establish that a touching of the genitals had occurred, a necessary element of the offense of unlawful sexual contact, is without merit. *See* 17–A M.R.S.A. § 255(1)(C).

The child testified that Boone touched her "in the front where [she] go[es] to the bathroom ... number one." This testimony clearly permits the jury to conclude that a touching of the "genitals" occurred. *See State v. Ashley*, 490 A.2d 226, 228 (Me. 1985) (testimony need not include exact medical terms to describe sexual contact, but need only reflect that the children were in fact talking about such contact); *State v. Merrifield*, 478 A.2d 1131, 1132 (Me.1984) (testimony that the defendant kissed and grabbed the victim "between the legs of [sic] [her] pubic area" was sufficient to support the jury's finding); *State v. Lyons*, 466 A.2d 868, 870 (Me.1983) (victim's testimony that defendant touched her "private," corroborated by testimony that the victim was touched "[b]etween the legs," was sufficient to permit the jury to conclude that a touching of the "genitals" occurred).

The entry is:
Judgments affirmed.

All concurring.