**STATE of Maine**

v.

**William D. GIOVANINI.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1989.
Decided Dec. 29, 1989.

James E. Tierney, Atty. Gen., Garry L. Greene (orally), Asst. Atty. Gen., Augusta, for plaintiff.

Barry K. Mills (orally), Hale & Hamlin, Ellsworth, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The defendant, William D. Giovanini, appeals from convictions of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983), and unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (1983), after a jury trial in Superior Court (Hancock County, *Smith, J.*). Giovanini contends that he was prejudiced by the admission of evidence of his prior conduct with the victim and that the court erred in its instruction limiting the

jury's consideration of that evidence. We affirm the judgments.

The incident that gave rise to the charges against Giovanini transpired while he and the victim, his twelve-year-old sister-in-law, were alone at her parents' home in Bucksport during August of 1985. At trial, the victim testified that Giovanini, among other acts, forced her to perform oral sex. He also took off her pants and touched her in the vaginal area until she "blacked out." Over two years later, the victim finally confided in a school guidance counselor about the matter before reporting it to the Department of Human Services.

Over Giovanini's objection, the victim gave testimony concerning Giovanini's prior conduct toward her. She testified that Giovanini sometimes followed her while she walked outdoors, using these occasions to initiate the game "truth or dare" and to have the victim bare a part of her body. On one such occasion, after the victim lifted her shirt briefly in response to a "dare," Giovanini placed his hands under her shirt. Following the presentation of this testimony, the jury was instructed on the limited purposes for which the testimony could be considered. Such a limiting instruction was again given when the court instructed the jury at the conclusion of the trial. Giovanini's appeal followed the convictions.

## I.

▮▮ The admissibility of evidence concerning other crimes, wrongs or acts is limited by Rule 404(b) of the Maine Rules of Evidence.[1] While such evidence may not be offered to prove the defendant's propensity to commit the crime with which he is charged, Rule 404(b) does not "prevent the introduction of evidence which is relevant to specified facts and propositions." R. Field & P. Murray, *Maine Evidence* § 404.3, at 109 (2d ed. 1987); *see also State v. Whiting*, 538 A.2d 300, 302 (Me.1988); *State v. DeLong*, 505 A.2d 803, 805 (Me. 1986). Such evidence may be admitted when it is " 'probative of some element of the crime for which the defendant is being tried.' " *DeLong*, 505 A.2d at 806 (quoting *State v. Goyette*, 407 A.2d 1104, 1108 (Me. 1979)). We have upheld the admission of prior acts to show the relationship between the parties and the defendant's motive, intent or opportunity. *State v. Ouellette*, 544 A.2d 761, 763 (Me.1988); *DeLong*, 505 A.2d at 806. We discern no clear error in the trial court's determination under M.R. Evid. 404(b) that the evidence had some probative value.[2] *See State v. Kotsimpulos*, 411 A.2d 79, 81 (Me.1980).

▮▮ Evidence of prior conduct, otherwise probative and relevant, may still be excluded in the discretion of the trial court under M.R.Evid. 403 if its probative value is substantially outweighed by its prejudicial effect.[3] *State v. Boone*, 563 A.2d 374, 376 (Me.1989); *DeLong*, 505 A.2d at 806. Giovanini contends that the victim's testimony concerning the "truth or dare" game should have been excluded under Rule 403 based upon his inadequate opportunity to prepare for the introduction of that evidence. While unfair surprise may constitute a ground for a continuance, Giovanini did not move for a continuance and it is not an independent ground for the exclusion of evidence under Rule 403. *Pettitt v. Lizotte*, 454 A.2d 329, 332 (Me.1982) (citing Field & Murray, *Maine Evidence* § 403.1, at 59 (1976)). Moreover, Giovanini failed to advance Rule 403 as a ground for the exclusion of the evidence presented by

*State v. Boone*, 563 A.2d 374, 376 (Me.1989); *State v. DeLong*, 505 A.2d 803, 806 (Me.1986).

---

1. M.R.Evid. 404(b) provides that:

    Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.

2. We remind the trial court that evidence of prior acts is admissible *only* if it is probative *and,* in the discretion of the trial court, *only* if its probative value is not substantially outweighed by the danger of unfair prejudice.

3. M.R.Evid. 403 provides that:

    Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

the victim. The admission of such testimony cannot be held to comprise obvious error affecting substantial rights. *Whiting,* 538 A.2d at 302; M.R.Crim.P. 52(b).

## II.

█ Finally, Giovanini contends that the instructions given to the jury on the purposes for which prior conduct could be considered were erroneous.[4] The trial court gave a limiting instruction following the victim's testimony which was reiterated in the course of instructing the jury at the close of the trial. Those instructions limited the consideration of the testimony concerning the "truth or dare" game to its bearing on the relationship between Giovanini and the victim, and Giovanini's opportunity, motive or intent to commit the crimes with which he was charged. The court specifically prohibited the jury from using that testimony to establish the defendant's propensity to commit those crimes. Giovanini, who failed to object to either instruction at trial, maintains that the jury should not have been instructed that the evidence could be considered on the element of intent since the crime of gross sexual misconduct requires no culpable mental state. *State v. Keaten,* 390 A.2d 1043, 1045 (Me.1978) (construing 17–A M.R.S.A. § 253(1)(B)). While the State was not required to prove Giovanini's intent in order to convict him of gross sexual misconduct, intent is an essential element of unlawful sexual contact,[5] the other crime with which Giovanini was charged. Viewed under an obvious error standard, the court's limiting instructions were not so inadequate that they "[tainted] the proceeding, ... denying [Giovanini] a fair trial and resulting in manifest injustice." *Whiting,* 538 A.2d at 302.

4. We reject Giovanini's additional contention that the trial court erred in defining the sexual act required to establish gross sexual misconduct as one that contained an element of sexual gratification. The instruction given incorporated the definition in effect at the time of the incident. *See* 17–A M.R.S.A. § 251(1)(C) (1983), *repealed by* P.L.1985, ch. 495, § 5 (effective Sept. 19, 1985); *Mailman v. Colonial Acres Nursing Home,* 420 A.2d 217, 221 (Me.1980).

The entry is:

Judgments affirmed.

All concurring.

5. 17–A M.R.S.A. § 255(1)(C) (1983) provided in pertinent part as follows:
(1) A person is guilty of unlawful sexual contact if he *intentionally* subjects another person, not his spouse, to any sexual contact, and
....
(C) The other person has not in fact attained his 14th birthday and the actor is at least 3 years older....
(Emphasis added).