STATE of Maine

v.

**Richard W. BRAGG.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 22, 1992.
Decided March 11, 1992.

Janet Mills, Dist. Atty., Craig E. Turner, Deputy Dist. Atty., Auburn, for State.

Arthur J. Greif, Isaacson & Raymond, P.A., Lewiston, for defendant.

Before McKUSICK, C.J.,* and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, and COLLINS, JJ.

WATHEN, Justice.

Defendant Richard Bragg appeals from judgments of the Superior Court (Androscoggin County, *Alexander, J.*), entered on jury verdicts, finding him guilty of two

---

* McKUSICK, C.J. participated in the initial conference but retired prior to the issuance of this opinion.

counts of engaging in a sexual act with a person under the age of fourteen. 17–A M.R.S.A. § 253(1)(B) (Supp.1989). Defendant alleges error in the motion justice's (*Fritzsche, J.*) refusal to suppress his confession and contends it was made involuntarily and after he had invoked his right to counsel. Additionally, defendant alleges error in the trial justice's exclusion of a letter written by the victim, and the denial of defendant's motion for new trial based on newly discovered evidence. We uphold the suppression ruling but vacate because the letter was erroneously excluded from evidence.

During the summer of 1989, defendant, a college senior, allegedly engaged in two acts of sexual intercourse with a 13–year-old girl with whom he had been socializing. Acting on information received from the victim and her mother, Officer Brown of the Lewiston Police Department called defendant and asked him to come in for questioning; when defendant stated that he had no transportation, Officer Brown offered to give him a ride to the station. The officer told defendant that he was not under arrest (that he "was not going to be arresting him"), and upon reaching the police station advised him of his *Miranda* rights. Several times during questioning, defendant asked "I can see [an attorney]?" to which the officer replied, "You're not going to be arrested" and continued questioning. Defendant subsequently signed a typed statement prepared by Officer Brown. Defendant was indicted on two counts of gross sexual misconduct.

## I.

Defendant moved to suppress the statement on the grounds that it was involuntary and taken in violation of his right to counsel. The motion justice denied the motion, finding that the State had established voluntariness by proof beyond a reasonable doubt and that no *Miranda* violation had occurred because the defendant was not in custody.

 The hearing justice's determination that a statement was voluntary will not be overturned if the evidence rationally supports that determination. *State v. Durost*, 497 A.2d 134, 138 (Me.1985); *State v. Caouette*, 446 A.2d 1120, 1124 (Me.1982). An otherwise voluntary confession will not be invalidated by a promise of leniency unless the promise was the motivating cause of the confession. *Durost*, 497 A.2d at 137; *State v. Tardiff*, 374 A.2d 598, 601 (Me.1977). Here no promises of leniency were given to induce Bragg to confess. The police officer stated that he was not going to arrest him, and indeed he did not. The record therefore rationally supports the motion justice's finding that Bragg's confession was voluntary and the police officer's statement did not constitute an inducement.

 *Miranda* warnings are required only when a defendant is in custody and subject to interrogation. When a defendant voluntarily goes to the police station, knowing that he is free to leave, he is not entitled to a *Miranda* warning prior to questioning. *See Oregon v. Mathiason*, 429 U.S. 492, 97 S.Ct. 711, 50 L.Ed.2d 714 (1977); *State v. Pinkham*, 556 A.2d 658 (Me.1989), *cert. denied* 493 U.S. 855, 110 S.Ct. 160, 107 L.Ed.2d 117. Although a *Miranda* warning was given to the defendant at the police station, the hearing justice found that the defendant was not in custody at the time of questioning and that therefore the warning was not required. This finding is supported by the testimony of the defendant, who stated that he was told "a bunch of times" that he was not under arrest. *Cf. State v. Young*, 560 A.2d 1095 (Me.1989) (defendant interviewed in his office not in custody because he was told he was not under arrest and could leave); *see also State v. Lavoie*, 562 A.2d 146, 149 (Me.1989) (precustodial assertion of fifth amendment rights does not preclude police officers from further interrogation). The hearing justice's finding that defendant was not in custody is not clearly erroneous.

## II.

At trial, defendant sought to admit a letter written by the victim in which she

stated that her mother's ex-boyfriend had been the one who "raped" her. The court excluded the letter under M.R. Evid. 412, "Past sexual behavior of victim," and because it referred to rape, which was not involved in the charges against defendant.

 The justice's concerns about confusing the jury by admitting the reference to rape could have been dealt with by explaining the concept of statutory rape or by redacting the letter. The exclusion of the letter under Rule 412, however, was erroneous. As stated in the advisory committee note, Rule 412 does not prohibit evidence of a statement by the victim about her past sexual conduct when offered for impeachment. *See State v. Nelson,* 399 A.2d 1327 (Me.1979). Because the letter could be interpreted as a statement exculpating the defendant and impeaching the victim's trial testimony, we are unable to find that its exclusion was harmless error.

Because we vacate the judgments, we need not consider defendant's request for a new trial based on "newly discovered evidence."

The entry is:

Judgments of conviction vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.