2001 ME 51

**STATE of Maine**

v.

**Basil BARNES Jr.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Feb. 28, 2001.
Decided: March 27, 2001.

David W. Crook, District Attorney, Alan P. Kelley, Deputy Dist. Atty., Augusta, for State.

Robert E. Sandy Jr., Esq., Sherman & Sandy, Waterville, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and CALKINS, JJ.

WATHEN, C.J.

[¶1] Defendant, Basil Barnes Jr., appeals from judgments entered on verdict in the Superior Court County, Marden.

gross sexual assault (Class A), 17–A M.R.S.A. § 253 (Supp.2000) and unlawful sexual contact (Class C), 17–A M.R.S.A. § 255 (Supp.2000). Defendant argues that the court (*Humphrey, J.*) erred in denying his motion to suppress statements made by him. He also argues that the court (*Marden, J.*) erred in denying his motion to reconsider his motion to suppress, his motion to dismiss the indictment for unnecessary delay, and his motion for judgment of acquittal as to the unlawful sexual contact charge. Finding no error, we affirm.

[¶ 2] The facts may be briefly summarized as follows: In December 1997, the Maine Department of Human Services contacted defendant to arrange an interview with him at the Lovejoy Health Center in Albion in connection with allegations that defendant had committed acts constituting gross sexual assault and unlawful sexual contact against two children. A Maine State Police Detective conducted the interview in a conference room at the health center, and the DHS representative was also present and participated to a limited degree.

[¶ 3] In May 1998, an indictment was filed against defendant on four counts: three counts of gross sexual assault (Class A), 17–A M.R.S.A. § 253 (Supp.2000) and one count of unlawful sexual contact (Class C), 17–A M.R.S.A. § 255 (Supp.2000). Defendant filed a motion to suppress the statements made during the interview at the health center that was denied. In May 1999, a second indictment was filed against defendant on seven counts. The first three counts duplicated the first three counts of the first indictment, and the remaining four counts involved new charges. In October 1999, the State filed a dismissal of the first three counts of the second indictment, leaving the remaining counts to be addressed later, and proceeded on the first indictment. Defendant sought to dismiss the first indictment on grounds of unnecessary delay that was denied. A jury trial was held in February 2000 on the first indictment, and judgment was entered in the Superior Court finding defendant guilty on Counts 2 and 3. Defendant was found not guilty on Count 1, and Count 4 was dismissed by the State prior to trial. Defendant appeals.

[¶ 4] Contrary to defendant's contentions, the court did not err in its determination that, despite the officer reading defendant the Miranda warnings, defendant was not in custody and thus not entitled to the warnings. *See State v. Bragg,* 604 A.2d 439, 440 (Me.1992). Moreover, the giving of Miranda warnings when not required does not per se necessitate a determination whether defendant knowingly and voluntarily waived the rights described in the warning before questioning can proceed. *See id.* In any event, as with the court's determination concerning custody, its determination that defendant made a knowing and voluntary waiver of the rights was properly supported by its findings. *See State v. Thibodeau,* 2000 ME 52, ¶ 11, 747 A.2d 596; *State v. Coombs,* 1998 ME 1, ¶ 13, 704 A.2d 387.

[¶ 5] The court also did not err in finding that the statements were made voluntarily. A review of the interview as a whole supports the court's finding that no promise of leniency or any coercion on behalf of the detective occurred. *See State v. Theriault,* 425 A.2d 986, 990 (Me.1981) (finding "the officers' statements that telling the complete truth would make [the defendant] feel better or make people think more of him are in the nature of exhortations rather than promises of prosecutorial leniency").

[¶ 6] In addition, the court did not abuse its discretion in denying the motion to dismiss the first indictment on the grounds of unnecessary delay. A review of the procedural history supports the court's determination that the delay caused by the second indictment was not unnecessary. *See State v. Murphy,* 496 A.2d 623, 629 (Me.1985).

[¶ 7] Finally, the court did not err in denying defendant's motion for judgment of acquittal as to the unlawful sexual contact charge. *See State v. Boone*, 563 A.2d 374, 378 (Me.1989). The statute provides in pertinent part as follows: "A person is guilty of unlawful sexual contact if the person intentionally subjects another person to any sexual contact." 17-A M.R.S.A. § 255(1) (Supp.2000). "Sexual contact" is defined as "any touching of the genitals or anus, directly or through clothing, other than as would constitute a sexual act, for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact." 17-A M.R.S.A. § 251(1)(D) (Supp.2000). "Sexual act" is defined in part as follows: "(3) Any act involving direct physical contact between the genitals or anus of one and an instrument or device manipulated by another person when that act is done for the purpose of arousing or gratifying sexual desire or for the purpose of causing bodily injury or offensive physical contact." 17-A M.R.S.A. § 251(1)(C)(3) (Supp.2000). Contrary to defendant's argument, the use of an instrument or device manipulated by the defendant to touch genitals through clothing fits within the meaning of "any touching" for purposes of sexual contact and is not otherwise excluded as a sexual act because of the absence of direct contact with the genitals. Further, the details of the touching, in the present case, do not permit the conclusion that the touching was for any purpose other than arousing defendant's sexual desire. *See State v. Boone*, 563 A.2d 374, 378 (Me.1989).

The entry is:

Judgments affirmed.