STATE of Maine

v.

Helen WEBBER.

Supreme Judicial Court of Maine.

Argued May 14, 1992.

Decided Sept. 2, 1992.

William R. Anderson (orally), Dist. Atty., David M. Spencer, Asst. Dist. Atty., Wiscasset, for the State.

Frederick M. Newcomb, III (orally), Rockland, for defendant.

Before ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

CLIFFORD, Justice.

Helen Webber appeals from a jury verdict in the Superior Court (Lincoln County, *Brennan, J.*) finding her guilty of arson. 17–A M.R.S.A. § 802(1) (1983).[1] Webber contends, *inter alia*, that the Court erred in admitting evidence of other acts allegedly committed by her and that the evidence was insufficient to support the verdict. Webber also appeals her sentence, part of which required her to make restitution in the amount of $27,850 to the victim, Walter Boyce. We affirm the conviction but vacate that part of the sentence providing for

---

**1.** 17–A M.R.S.A. § 802(1) (1983) provides in pertinent part:

    1. A person is guilty of arson if he starts, causes, or maintains a fire or explosion;

    A. On the property of another with the intent to damage or destroy property thereon[.]

restitution and remand for reconsideration of that issue.

Helen Webber met Walter Boyce in late 1989. After a brief relationship during which Webber periodically lived with Boyce, the parties separated in March 1990. There was conflicting evidence concerning whether Boyce told Webber to leave or whether Webber left on her own. Boyce testified that after the breakup Webber would come to his trailer and demand to see him and, on one occasion, threatened to "burn him out." Webber testified that it was Boyce who continued to call her asking for a reconciliation. She denied making the threat.

On March 13, 1991, Boyce's car was vandalized in a parking lot near Bath Iron Works where he worked the night shift. Among other damage, the word "AIDS" was scratched into the paintwork and windows. Also around that time Boyce's dog disappeared. Boyce concluded that Webber had stolen it and reported the incident to the police. Webber denied taking the dog but a few days later arrived with it at Boyce's trailer saying she had found it at an animal shelter. Boyce complained to the police and had Webber served with a notice of harassment. *See* 5 M.R.S.A. §§ 4651–4660–A (1989 & Supp.1991). On March 26, 1991, Boyce again complained to the police about Webber and she was arrested for violating the harassment notice. One evening during this period of time, a woman visited with Boyce at his home. The next day, Webber confronted the woman and warned her that she might have AIDS because Webber, and presumably now Boyce, had AIDS.

In the early morning hours of March 30, 1991, while Boyce was working, a fire completely destroyed Boyce's trailer and its contents. The fire marshall who investigated the fire concluded that it was intentionally set because there were two points of ignition and no evidence of accidental origin. Webber testified that she was en route to her daughter's house in Cambridge, Massachusetts at the time. Approximately two weeks after the fire, on April 14, 1991, Boyce's car was vandalized a second time in a manner strikingly similar to the previous vandalism of his vehicle. Webber was caught leaving the scene of the second vandalism and admitted doing it. She denied, however, any responsibility for the earlier incident. At Webber's trial for arson, the court admitted over her objection evidence of the vandalization of Boyce's car. The court instructed the jury that it could not consider the evidence as an indication of propensity or inclination on the part of Webber to act in a certain way and that its use was limited to show only the relationship between Webber and Boyce. The jury found Webber guilty.

Prior to the sentencing hearing, Boyce filed with the court a victim impact statement estimating the amount of his losses. The court sentenced Webber to twelve years in prison, with all but seven and one-half suspended, followed by five years of probation. In addition, the court ordered Webber to make restitution to Boyce during the period of her probation in the amount of $27,850. In ordering the restitution, the court indicated that Webber's ability to pay was not completely resolved and the court reserved the right to review that order at the end of her prison term. Webber appealed both her conviction and sentence to this court. The Sentence Review Panel of the Supreme Judicial Court granted Webber leave to appeal only the restitution portion of her sentence. *See* 15 M.R.S.A. §§ 2151–2156 (Supp.1991).

### I. Other Act Evidence

■ Webber argues that evidence of the vandalism of Boyce's car should have been excluded because it was character evidence submitted to prove that she acted in conformity therewith, and because its probative value was substantially outweighed by its prejudicial impact.[2]

---

**2.** For the first time on appeal, Webber appears to argue that all evidence of any violent act of hers toward Boyce should have been excluded. We review those contentions for obvious error.

Insofar as her argument is intended to include the disappearance of Boyce's dog, Webber's confrontation with Boyce's woman friend, and Webber's service with the notice of harassment

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show that she acted in conformity therewith. M.R.Evid. 404(b). Nevertheless, such evidence may be admissible if it is "relevant to specified facts and propositions" involved in the case. Field & Murray, *Maine Evidence* § 404.3 at 109 (2d ed. 1987); *see State v. Giovanini*, 567 A.2d 1345, 1346 (Me.1989). "We have upheld the admission of prior acts to show the relationship between the parties and the defendant's motive, intent or opportunity." *Giovanini*, 567 A.2d at 1346. In the circumstances of this case, the vandalism evidence was probative on the crucial issue of the perpetrator of the arson, and was admitted on that issue to show the relationship between Webber and Boyce and that Webber had a motive to burn Boyce's home. *See State v. Heald*, 393 A.2d 537, 541–42 (Me.1978) (defendant's attempted robbery of murder victim admissible to show design, motive, knowledge, and identity).

■ Webber was caught fleeing from the scene and admitted to vandalizing Boyce's car on April 14, 1991, two weeks after Boyce's home was destroyed by fire. An intent to destroy the property of another is one element of the crime of arson. Webber's senseless and destructive act of vandalism to Boyce's car, even though occurring after the arson, is clearly relevant to prove that she harbored deep animosity toward Boyce that focused on destroying Boyce's property. The earlier incident of vandalism was relevant because of its signature-like similarity to the second admitted vandalism. *See State v. Joubert*, 603 A.2d 861, 866–67 (Me.1992) (evidence of prior bad act, bite wound on prior victim similar to bite wound in instant case, admissible as signature evidence to prove identity of perpetrator). The court adequately instructed the jury to limit its use of the information only to elucidate the relationship between the parties. We cannot say that the court erred in its determination that the evidence of vandalism to

and arrest for its violation, we find no obvious

Boyce's car was relevant to Webber's motive and thus to the identity of the arsonist.

■ Even if probative to the issues to be determined by the factfinder, however, evidence of prior bad acts must be excluded if the danger of unfair prejudice substantially outweighs that probative value. *Giovanini*, 567 A.2d at 1346 n. 2; *State v. Works*, 537 A.2d 221, 222 (Me.1988); M.R.Evid. 403. The court's decision to admit such evidence is reviewed only for an abuse of discretion. *Joubert*, 603 A.2d at 866. In view of the substantial probative value of the evidence of Webber's acts of destruction directed against Boyce's property on the issue of the identity of the person who burned Boyce's trailer, and the fact that Webber admitted to one of the acts of vandalism, the court's admission of evidence of both incidents of vandalism was within its discretion. *See State v. Valentine*, 443 A.2d 573, 578 (Me.1982).

### II. Evidence was Insufficient to Support the Verdict

■ In testing the sufficiency of the evidence, this court views the evidence in the light most favorable to the State to determine whether any jury could rationally find every element of the criminal charge beyond a reasonable doubt. *State v. Philbrick*, 551 A.2d 847, 852 (Me.1988); *see also State v. Barry*, 495 A.2d 825, 826 (Me. 1985). Even though there was no evidence directly connecting Webber to the arson, the evidence that the fire was intentionally set, that Webber had threatened to burn Boyce out, and of Webber's destructive vandalism of Boyce's car, would allow the jury to rationally conclude that Webber had set the fire intending to destroy Boyce's trailer.

### III. Appeal of Sentence

Webber also argues that the court erred in ordering her to pay restitution to Boyce. Pursuant to 17–A M.R.S.A. §§ 1321–1330 (1983 & Supp.1991), the court shall obtain information concerning the extent of finan-

error in the admission of that evidence.

cial loss to the victim[3] and "shall order restitution where appropriate." 17–A M.R.S.A. § 1323(1) (Supp.1991). Restitution may not be ordered when it would pose "an excessive financial hardship on the offender or dependent of the offender." 17–A M.R.S.A. § 1325(2)(D) (1983). In making this determination, the court shall consider, *inter. alia,* the offender's resources and income potential, living expenses, and other financial needs. *Id.*

Although the record would support a finding that Webber had the financial resources to make restitution of $27,850 as ordered, the court failed to make such an explicit finding, expressing uncertainty as to her ability to pay, and reserving for itself the right to review the restitution order at the time Webber was released from prison. The court cannot impose restitution in the absence of a finding that the offender has or will have the ability to comply with the order sometime in the future. *See State v. Lemieux,* 600 A.2d 1099, 1103 (Me.1991). Nor can the sentencing court reserve the right to review the order of restitution on a defendant's release from prison. *See State v. Hunter,* 447 A.2d 797, 802 (Me.1982). We therefore are compelled to vacate the order of restitution, and to remand to the Superior Court for the court to reconsider the issue of restitution based on Webber's present and predictable future financial circumstances.

Webber's other contentions are without merit and do not require discussion.

The entry is:

Judgment of conviction affirmed. That part of the sentence providing for restitution vacated. Remanded to Superior Court for reconsideration of restitution.

All concurring.

---

**3.** Boyce submitted extensive lists of personal property that was destroyed in the fire, including the value of his trailer. Webber contends that she should have been given greater notice on the issue of Boyce's loss. Webber was given an opportunity to rebut Boyce's evidence, however, and she did not request a continuance of the sentencing hearing.