## STATE of Maine

v.

## Michael PLANTE.

Supreme Judicial Court of Maine.

Submitted on Briefs March 16, 1993.
Decided April 7, 1993.

David W. Crook, Dist. Atty., Alan P. Kelley, Deputy Dist. Atty., Augusta, for plaintiff.

Ronald W. Bourget, Bourget & Bourget, Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Michael Plante appeals from a judgment entered on a jury verdict in the Superior Court (Kennebec County, *Browne, A.R.J.*) convicting him of aggravated assault, 17–A M.R.S.A. § 208 (1983). Plante challenges two of the court's rulings on the admission of evidence, the court's instruction to the jury on the issue of self-defense, and the court's order that he pay restitution to the victim as a condition of probation. Although we affirm Plante's conviction, we conclude that the court improperly imposed restitution. Accordingly, we remand for further consideration of the question of restitution.

On the evening of June 8, 1990, Linwood Hart and Michael Plante attended a high school graduation party in West Gardiner. At some point, Plante approached Hart and began a conversation and attempted to goad him into a fight. Hart said that he did not want to fight and walked away. Ten minutes later, Plante again approached Hart and asked him for a light for his cigarette. When Hart replied that he did

not have one, Plante began pushing him and said that they would "go find one." Hart then broke Plante's grip on him and began to walk away. When Hart looked back to see where Plante was, Plante punched him three times in the face. Hart underwent reconstructive surgery the next day to repair broken facial bones.

## I.

■ Plante contends that the court erred in admitting over his objection pursuant to M.R.Evid. 403 a post-operative photograph depicting Hart's facial injuries. We disagree. "[P]hotographs are admissible if they are true and accurate depictions of what they purport to represent, if they are relevant to some issue involved in the litigation, and if their probative value is not outweighed by any tendency they may have toward unfair prejudice." *State v. Crocker*, 435 A.2d 58, 75 (1981). *See also State v. Condon*, 468 A.2d 1348, 1350 (Me. 1983), *cert. denied*, 467 U.S. 1204, 104 S.Ct. 2385, 81 L.Ed.2d 344 (1984). The photograph, offered to show the extent of Hart's injuries, was highly probative of whether Plante caused Hart serious bodily injury, an element of aggravated assault as defined in section 208(1)(A) of the criminal code. The fact that the photograph was taken after surgery does not, as Plante suggests, diminish its probative value with respect to whether Hart suffered serious bodily injury.

## II.

■ Plante also contends that the court erred in failing to exclude from evidence, as a sanction for the State's violation of the discovery rules, the shirt Hart was wearing on the night of the altercation. Pursuant to M.R.Crim.P. 16(b)(1), discovery is limited to information in the possession or control of the attorney for the State, his staff, or "any official or employee of this state or any political subdivision thereof who regularly reports or with reference to the particular case has reported to the attorney for the state's office." It is clear from the record that the shirt was in the possession of Hart, not the police. Indeed, the State requested a recess for the purpose of determining whether the shirt still existed. The function of Rule 16(b) is to make available to the defense material within the control of the State. *See State v. Smith*, 400 A.2d 749, 757 (Me.1979). "Where material is . . . equally accessible to both sides and not in the possession or control of the attorney for the state, Rule 16 will not require the state to ferret out the material and turn it over to defense counsel." 1 Cluchey & Seitzinger, *Maine Criminal Practice* § 16.1, at IV–88 (1992). Because the State did not commit a discovery violation, Plante's argument is without merit.

## III.

■ It is well-settled that "once the issue of self-defense is generated by the evidence, the burden rests on the State to disprove its existence beyond a reasonable doubt." *State v. McKenzie*, 605 A.2d 72, 74 (Me.1992). While instructing the jury on the issue of self-defense, the court stated that once the defendant has raised the issue "the burden shifts to the State" to disprove self-defense beyond a reasonable doubt. Plante contends that the court improperly placed the burden of proof on him. We disagree. The correctness of a jury instruction is determined by examining the instructions in their entirety. *See State v. Michaud*, 611 A.2d 61, 64 (Me.1992). The court instructed the jury on the presumption of innocence and that the State had the burden of proving Plante's guilt beyond a reasonable doubt. Moreover, it is clear that the State was assigned the burden of disproving self-defense beyond a reasonable doubt. While the phrase "the burden of proof shifts to the State" when read in isolation can be interpreted as implying that at some point the burden of proof was on Plante, when the instructions are read in their entirety it is clear that they would not confuse or mislead the jury as to the burden of proof. *Id.*

## IV.

■ Finally, Plante contends that because the court did not make a finding concerning his ability to pay restitution, the

court erred in ordering him to make restitution as a condition of probation. We agree. The court lacks the authority to impose restitution "in the absence of a finding that the offender has or will have the ability to comply with the order sometime in the future." *State v. Webber*, 613 A.2d 375, 378 (Me.1992). Because the court did not make the required finding, we vacate that part of Plante's sentence providing for restitution and remand for reconsideration of restitution based on Plante's ability to make such payments.

The entry is:

Judgment of conviction affirmed.

That part of the sentence providing for restitution vacated. Remanded to the Superior Court for reconsideration of restitution.

All concurring.