**STATE of Maine**

v.

**Keith LAJOIE.**

Supreme Judicial Court of Maine.

Argued Oct. 31, 1994.

Decided Dec. 13, 1994.

Paul Rucha (orally), Asst. Dist. Atty., Augusta, for State.

J. Mitchell Flick (orally), Winthrop, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Keith Lajoie appeals from sentences imposed by the Superior Court (Kennebec County, *Alexander, J.*) on five counts of arson, 17–A M.R.S.A. § 802 (1983 & Supp. 1994), one count of burglary, 17–A M.R.S.A. § 401 (1983 & Supp.1994), and one count of theft by unauthorized taking, 17–A M.R.S.A. § 353 (1983). For the same reasons we stated in *State v. Cloutier*, 646 A.2d 358 (Me. 1994), a case involving the same crimes for which Lajoie has been convicted, we vacate the sentences and remand for resentencing pursuant to 15 M.R.S.A. § 2156(1–A) (Supp. 1994).

On one night and early morning in June of 1992, Keith Lajoie and two codefendants set fire to a Central Maine Power Company telephone pole, three barns, and an unoccupied residence, and stole gasoline from an automobile parked in a garage when their car ran out of gas. The fires, set randomly and with no apparent motive, required thirteen fire departments in the Augusta area to respond during the course of the night. *See Cloutier*, 646 A.2d at 359.

Shortly thereafter, Lajoie confessed to participating in these events, implicated his friends, and cooperated fully with the police. He entered guilty pleas to five counts of arson pursuant to a plea agreement with a recommended sentence of no more than forty years' incarceration with all but fifteen suspended, and ten years' probation. *See* M.R.Crim.P. 11A. On the first three arson counts, the court sentenced Lajoie to concurrent sentences of thirty years' incarceration, with all but fifteen years suspended, followed by six years' probation. In addition, on the last two arson counts, Lajoie received sentences of thirty years, all suspended, followed by four years' probation, to be served consecutively to the sentences for the first three arson counts. The court also imposed sentences of five years, all suspended, with four

years' probation on the burglary count, and six months, all suspended, with one year of probation on the theft count. These sentences also were made consecutive to the sentences for the first three counts, and concurrent with the sentences on the second two arson counts. A restitution requirement in the amount of $126,148.98 was also imposed as part of his sentence and as a condition of his probation.[1] Lajoie was granted leave to appeal his sentence. *See* 15 M.R.S.A. §§ 2151, 2152 (Supp.1994); M.R.Crim.P. 40.

■ For the same reasons set out in *Cloutier*, none of the individual arsons for which Lajoie has been convicted justifies a maximum period of incarceration that exceeds twenty years. *Cloutier*, 646 A.2d at 361. Moreover, because of the court's failure to find that Lajoie had an ability to pay, and because there is insufficient evidence in the record on which to base such a finding, we are forced to conclude that the restitution ordered in this case is excessive, despite Lajoie's desire to make restitution.[2] *See id.* at 360. Accordingly, the arson sentences must be vacated and the case remanded for Lajoie to be resentenced on all counts for which he has been convicted.

The entry is:

Sentences vacated. Remanded to the Superior Court for resentencing.

All concurring.

---

1. It is not clear whether Lajoie was given an opportunity to withdraw his guilty pleas during the Rule 11 proceeding. Lajoie did not object to the sentences being in excess of the plea agreement, nor did he move to correct the sentences pursuant to M.R.Crim.P. 35.

2. By the terms of the judgment, Lajoie is jointly and severally liable for the total amount. *See State v. Cloutier*, 646 A.2d 358, 360 n. 2 (Me. 1994).