**STATE of Maine**

v.

**Courtney CASTLE.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 27, 1995.

Decided Feb. 28, 1995.

Janet T. Mills, Dist. Atty., Auburn, for the State.

William J. Barry, Auburn, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Courtney Castle appeals from her sentence entered in the Superior Court (Androscoggin

County, *Alexander, J.*) following a guilty plea to negotiating worthless instruments in violation of 17–A M.R.S.A. § 708 (1983 & Supp. 1994) (Class C). Because we agree with Castle's contention that the trial court erred in ordering her to pay restitution without making a requisite finding of her ability to pay, we vacate that portion of her sentence ordering her to pay restitution, and remand for a reconsideration of that issue.

Castle was indicted on one count of negotiating worthless instruments in excess of $5000, a Class B offense. Pursuant to M.R.Crim.P. 11, Castle entered a guilty plea to an amended complaint of Class C negotiating worthless instruments in excess of $1000. The plea agreement between Castle and the State, *see* M.R.Crim.P. 11A, called for a recommendation to the court that Castle receive four years imprisonment, with all but fourteen days suspended, four years of probation, with conditions of probation that she complete 300 hours of public service, and that she not possess any checks or have any checking accounts.

The joint recommendation of the State and Castle did not include an agreement as to restitution. Rather, it provided for the trial court to address the propriety of restitution. The State requested that Castle be ordered to make restitution, and represented that the loss to the victims amounted to $11,350.44. Castle contended that she did not have the financial resources to pay any restitution. Without addressing Castle's ability to pay, the trial court ordered Castle to pay $5000 in restitution to the victims as a condition of her probation. Castle's application to allow for an appeal of the restitution portion of her sentence was granted pursuant to M.R.Crim.P. 40. *See* 15 M.R.S.A. §§ 2151–2157 (Supp.1994) (setting forth authorization and procedure for review of sentence).

Before imposing an order of restitution, the trial court must consider, *inter alia*, the financial ability of the defendant to pay. 17–A M.R.S.A. § 1325(1)(C) (1983). Restitution may not be ordered if it will cause an excessive financial hardship on the defendant. *Id.*

§ 1325(2)(D). A trial court "lacks the authority to impose restitution 'in the absence of a finding that the offender has or will have the ability to comply with the order sometime in the future.'" *State v. Plante*, 623 A.2d 166, 168 (Me.1993) (quoting *State v. Webber*, 613 A.2d 375, 378 (Me.1992)); *see also State v. Lajoie*, 651 A.2d 326, 327 (Me. 1994) (restitution order vacated because there was insufficient evidence in record of defendant's ability to pay, and because trial court failed to find defendant had an ability to pay); *State v. Cloutier*, 646 A.2d 358, 360 (Me.1994) ("Before ordering restitution, a court must make a finding that the offender has or will have the ability to comply with the order."); *State v. Lemieux*, 600 A.2d 1099, 1103 (Me.1991) (sentencing court should not impose restitution on mere speculation that offender will be able to comply at some time in the future).

The trial court did not make any finding that Castle has the present or future ability to pay. Although it may be likely that the amount ordered in this case ($5000) and time given for probation (four years) will not create an excessive financial hardship on the offender, the trial court is still required to address the defendant's ability to pay, especially when, as here, there is some indication that her limited ability to pay has lessened,[1] and the issue is placed squarely before the court. Accordingly, on this record, we decline the State's invitation to infer a finding of Castle's ability to pay. *See* 17–A M.R.S.A. § 1325(1)(C); *Cloutier*, 646 A.2d at 360 n. 1 ("Although the *extent* of the court's inquiry may be lessened if the amount of restitution is small and is agreed to by a defendant in conjunction with a plea agreement, the court is not relieved of its responsibility to insure that the defendant has or will have the ability to comply with the order.") (citations omitted); *see also Webber*, 613 A.2d at 378. In *Webber* we vacated the order of restitution even though the record supported a finding that the defendant had the financial resources to pay the restitution amount. As it did in this case, the trial court in *Webber*

---

1. At the time the trial court found Castle to be partially indigent and ordered her to pay $10 per week toward her attorney fees, she had part-time employment. At sentencing, Castle's attorney indicated that she was about to lose her part-time employment.

failed to make an explicit finding that the defendant had the ability to pay, and indicated that that determination could be made at a future time.[2] *Webber,* 613 A.2d at 378. Although the trial court is not foreclosed from ordering that Castle pay restitution, we vacate the order of restitution and remand to the Superior Court for reconsideration of Castle's ability to pay.

The entry is:

That part of the sentence imposing restitution vacated. Remanded for reconsideration of restitution. Judgment affirmed in all other respects.

All concurring.

2. The court said at Castle's sentencing, "Obviously, probation can't be revoked if she doesn't have any ability to pay."